**Affirmed and Memorandum Opinion filed February 2, 2012.**



In The

## Fourteenth Court of Appeals

_____

### NO. 14-10-01084-CR
_____

**REGINALD DEWAYNE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1200779**

## MEMORANDUM OPINION

Reginald Dewayne Johnson appeals his conviction for theft, arguing that an enhancement paragraph in his indictment was not specific enough about the nature of his prior conviction and that the trial court erred in explaining to prospective jurors the concept of proof beyond a reasonable doubt. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The American National Red Cross Hurricane Recovery Program ("HRP") provides funds to benefit hurricane victims. In the summer of 2007, HRP awarded a grant of

$1,085,000 to the Houston Area Urban League to fund summer programming for young hurricane victims under the Urban League's Youth Enrichment Activity Program ("YEAP"). Appellant formed a corporation called Pugilistic Drama, Inc., made himself sole director, and applied to receive YEAP funding for a boxing camp he supposedly was in the process of holding that summer. Appellant submitted time and attendance sheets, individualized student registration forms, and expense reports for the camps. The Urban League wrote Pugilistic Drama a $120,960 check, which appellant cashed.

In late 2007, the Houston Police Department's public-integrity unit began investigating several police officers and city employees it suspected of fraudulently obtaining YEAP funds for nonexistent programs. In the course of their investigation, the police discovered that two Urban League employees had funneled YEAP money to other fraudulent programs in exchange for commissions. One of these employees was appellant's former boxing promoter and manager. The police investigated Pugilistic Drama and discovered that the boxing camps it had supposedly held had never taken place. Appellant was charged with and indicted for the theft of money over the value of $100,000 and under $200,000.

The indictment contains an enhancement paragraph in which it is alleged that appellant had a prior conviction in federal court for the felony offense of conspiracy to violate the laws of the United States. The offense or offenses underlying appellant's federal conspiracy conviction are not specified in the indictment. Before trial, appellant moved to quash the enhancement paragraph in the indictment on the sole ground that there was inadequate proof of a final conviction in his federal court case. The record contains no order on appellant's motion to quash.

At voir dire, the trial court instructed prospective jurors on the meaning of "reasonable doubt." The trial court stated,

> [Prosecutors] have to reach a certain burden of proof; that proof has to be
> beyond a reasonable doubt. If they call 50 or 60 witnesses, produce

2

thousands of boxes of documents but don't prove it to you beyond a reasonable doubt, then they cannot convict the defendant. The jury cannot convict the defendant.

So the prosecutor has a burden here today; it's not just to put on some evidence and the jury believes it's so-so. We're not in a civil court where it's by a preponderance of the evidence, just a little bit over 50 percent. It's beyond a reasonable doubt.

Now, I can't give you a legal definition anymore; at one time we could, but the higher court said, no, don't give the jury a definition. They know what that means.

Proof beyond a doubt basically means, in order to convict the defendant of this criminal offense, you have to have proof beyond doubt based upon reason. You can't have doubt that's based upon some reason. If you have a doubt based upon some reason as it relates to the elements of this offense, then you cannot convict the defendant.

I told you what the elements are. The elements again that—and it reads the same as in the indictment, except it adds the amount of the theft, it adds the defendant's name, it adds the complainant's name. But the elements are that the defendant unlawfully appropriated property with the intent to deprive the owner of the property. So the State has to prove that, that he appropriated the property, he took it away, he controlled it. They have to prove that element to you beyond a reasonable doubt, that it was with an intent to deprive the owner. It wasn't just an intent to just take care of it for the owner, but to actually keep it away from the owner where the owner lost any use of that property or value from that property.

So there are certain elements, and each one of the elements the prosecutor has to prove them to you beyond a reasonable doubt, beyond a doubt based upon reason and common sense. So that means you can have a doubt, you just can't have doubt based upon reason. I say that because a lot of persons want to say, well, you know, this is a very serious case. We are talking about depriving someone of their livelihood. If the prosecutor doesn't prove this case to me beyond all doubt, one hundred percent, then I can't convict.

That sounds good and well, but when you really think about it, if you knew one hundred percent what happened in this case, what would that make you if you knew one hundred percent what happened? No. 24?

3

PROSPECTIVE JUROR: . . . You would be a witness.

THE COURT: A witness. And you can't be a witness and a juror. So it's impossible to hold the prosecution to that burden, proof beyond all doubt, one hundred percent.

So we're not talking about that kind of doubt. We're talking about doubt based upon reason. Okay. If you have that kind of doubt as it relates to each of those elements the prosecution has to prove to you, then you cannot convict the defendant.

And, again, we're talking about doubt, reasonable doubt, as it relates to the elements of the offense. . . . [The statute] doesn't require that the prosecution produce any physical evidence, it just requires them to present evidence that convinces you beyond a reasonable doubt. That evidence can be a person's sworn witness testimony. A person can come in here and if it convinces the jury that each and every element of the offense was committed, and it convinces the jury beyond a reasonable doubt, that's sufficient. It doesn't require any physical evidence. Okay.

So we're talking about reasonable doubt as it relates to each and every element of the offense. Are we all right with that?

The jury convicted appellant for the theft of property over the value of $100,000 and under $200,000; found that the prior-conviction allegation was true; and assessed punishment at twelve years in prison.

## II. ISSUES PRESENTED

Appellant first argues that the trial court should have quashed the enhancement paragraph in the indictment because the offense underlying his conspiracy conviction was not specified in the enhancement paragraph. In his second issue, appellant argues that the trial court erred in instructing prospective jurors on the meaning of reasonable doubt by implying that (a) a jury must have a reasonable doubt about each—rather than any—element of the charged offense in order to acquit, and (b) a jury should convict unless it can articulate a specific reason for its doubt.

## III. ANALYSIS

### A. Enhancement Paragraph

Appellant first argues that the trial court should have quashed the enhancement paragraph for lack of specificity because the offense or offenses underlying his conspiracy conviction were not specified. In his motion to quash, however, appellant argued only that there was a lack of adequate proof that he was convicted. He did not argue that the enhancement paragraph was insufficiently specific. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (to preserve error for appellate review, objection at trial must comport with point of error on appeal); *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990) (an objection stating one legal theory may not be used to support a different legal theory on appeal), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991). Moreover, the record contains no adverse ruling on the motion to quash. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1985) (to preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection). Appellant has not preserved error. We overrule appellant's first issue.

### B. "Reasonable Doubt" Instruction

Next, appellant argues that the trial court erred in instructing prospective jurors on the meaning of reasonable doubt. Appellant did not object to the trial court's comments at voir dire, but he relies on *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality opinion) in arguing that the trial court committed fundamental error that can be raised for the first time on appeal. *See Powell v. State*, 252 S.W.3d 742, 744 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (absent an objection, a defendant waives even constitutional error unless the error is fundamental). The facts in *Blue*, however, are distinguishable from those presented here.

5

In *Blue*, the trial court apologized to the venire for a delay in beginning jury selection, and explained that the State had offered the defendant a plea agreement, but the defendant "ha[d] been back and forth" in deciding whether to accept the offer. *Id.* at 130. Moreover, the trial court stated, "Frankly, obviously, I prefer the defendant to plead" but because the defendant was taking too long to reach a decision, the trial court decided to begin the trial. *Id.* Although the defendant in *Blue* did not object to these statements in the trial court, he argued on appeal that such statements tainted the presumption of innocence, and thus, constituted fundamental error that could be raised for the first time on appeal. *Id.* A plurality of the Court of Criminal Appeals agreed. *See id.* at 131. In *Blue*, however, the trial court's remarks "reasonably could be interpreted as a predetermination of [the defendant's] guilt, thus implicating the right to an impartial trial court." *Murchison v. State*, 93 S.W.3d 239, 262 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Here, none of the trial court's comments tainted the presumption of innocence. *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (stating that even if Court of Criminal Appeals were bound to follow *Blue* plurality opinion, it would not apply to a case in which "[n]one of the trial judge's comments rose to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury."); *Wilkerson v. State*, 347 S.W.3d 720, 726 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (so holding when a trial court defined reasonable doubt as "the same kind of doubt in making any kind of decision in our lives" and commented that "[t]he only way you can prove something beyond a shadow of a doubt would be if all 12 jurors were eyewitnesses to the scene.").

The trial court's comments in this case instead are comparable to those made in *Muhammed v. State*:

> The burden of proof in this case is going to be beyond a reasonable doubt. It's not beyond all doubt or beyond a shadow of a doubt. It's not 100 percent. Nobody could make that burden unless you were a witness yourself, perhaps, to an event. And if that were the case, you wouldn't be sitting here in the jury room. You would be back in the witness room waiting to testify. So, the law does not require that you be convinced 100

6

percent; but you must be convinced beyond a reasonable doubt. There's no legal definition. You will use your common sense to conclude whether or not you've been convinced beyond a reasonable doubt at the end of the trial.

331 S.W.3d 187, 194 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Here, as in *Muhammed*, the trial court's comments do not rise to the level of fundamental error.

Appellant also complains that the trial court implied that a jury must have a reasonable doubt about each element of the charged offense in order to acquit, but the record shows that the trial court discussed the elements of theft and emphasized that the State is required to prove each element beyond a reasonable doubt. In addition, the trial court illustrated this principle with the example that if the prosecution called fifty witnesses, presented thousands of documents, and persuaded the jury that money was stolen, but failed to prove the element of intent, then the jury would have to acquit. The trial court concluded, "If they don't prove it to you beyond a reasonable doubt, it does not matter how many witnesses are called, how many documents are presented. The presumption of innocence alone is enough to acquit the defendant of the offense."

Appellant also contends that the trial court "said the only doubt which could stand in the way of a guilty verdict was a doubt based on 'reason.' That may be true in the abstract, but the comment implied that a doubting juror would have to be able to formulate a specific reason for having doubt." But as should be apparent from our extensive quotations from the record, the trial court said nothing that can reasonably be read to imply that a defendant is presumed guilty absent a specific, articulable reason for doubt. In addition, the trial court gave a long explanation on the presumption of innocence.

We conclude that the trial court's comments did not rise to the level of fundamental constitutional error, and appellant has waived further complaint about the statements by failing to object to them in the trial court. We accordingly overrule appellant's second issue.

7

## IV. CONCLUSION

Because appellant failed to preserve his complaints in the trial court and the complaints cannot be raised for the first time on appeal, we affirm the trial court's judgment.


/s/    Tracy Christopher
       Justice


Panel consists of Chief Justice Hedges and Justices Christopher and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).