**Affirmed and Memorandum Opinion filed February 14, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00318-CR

### CHRISTOPHER NEAL KINGERY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 855577**

## MEMORANDUM OPINION

Appellant Christopher Neal Kingery was convicted of sexual assault of a child and sentenced to 30 years' imprisonment; this court affirmed his conviction on direct appeal. *See Kingery v. State*, No. 14-01-01134-CR, 2002 WL 31525652 (Tex. App.—Houston [14th Dist.] Nov. 14, 2002, pet. ref'd) (not designated for publication). He unsuccessfully challenged his conviction through state and federal habeas proceedings. *See Kingery v. Dretke*, No. Civ. A. H-05-3350, 2006 WL 1441925, at *1 (S. D. Tex. May 23, 2006). He now appeals the trial court's decision to deny his motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. We affirm.

BACKGROUND

Evidence admitted at appellant's trial established that "[f]etal tissue was DNA tested and showed that complainant had been pregnant with appellant's child." *Kingery*, 2002 WL 31525652, at *1. Appellant filed a motion for DNA testing in October 2009 to obtain retesting of that biological evidence. At appellant's request, the trial court appointed counsel during the same month. The court denied the motion for DNA testing in March 2011 without hearing evidence, finding that appellant "fails to allege and prove that the biological evidence previously tested by the Harris County Medical Examiner's Office can be subjected to testing with new testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test."

## ANALYSIS

In three issues, appellant contends (1) the State retested the biological evidence in 2005 without a court proceeding; (2) he received ineffective assistance of counsel; and (3) the State engaged in prosecutorial misconduct. The State argues (1) appellant has waived his issues by not objecting in the trial court and by failing to cite to the record or authorities on appeal; (2) there is no support in the record for his arguments; and (3) some of his appellate issues concern matters related to his original trial and are thus beyond the scope of this proceeding.[1]

We agree with the State as set out in greater detail below. As a threshold matter, appellant does not challenge on appeal the trial court's finding that he failed to allege in his motion that previously tested biological evidence can be subjected to testing with new testing techniques providing a reasonable likelihood of results that are more accurate and probative than the results of the previous test. *See* Tex. Code Crim. Proc. Ann. art.

---

[1] The State also requested dismissal because the record did not contain a certification of appellant's right to appeal. *See* Tex. R. App. P. 25.2(d). The record was supplemented with the certification; thus, we do not dismiss the appeal. *See id.*

2

64.01(b)(2) (Vernon 2006).[2]  This is the only basis on which appellant could have requested testing of the biological evidence in this case, which had previously been tested.  *See id.* art. 64.01(b); *Routier v. State*, 273 S.W.3d 241, 245–46 (Tex. Crim. App. 2008).  The record supports the trial court's finding, and we conclude that appellant has alleged no basis for retesting the biological evidence in this case.

## I.       Alleged Testing of Biological Evidence in 2005

In his first issue, appellant contends that he was denied access to court proceedings in 2005 when the biological evidence was allegedly retested by the State after appellant's conviction and without appellant's request, thus violating the "Texas Rules of Appellate Procedure, the Texas Constitution and United States Constitution under 'Due Process' of the 14th Amendment."[3]  Appellant never raised this complaint in the trial court and thus has failed to preserve any error for our review.  *See* Tex. R. App. P. 33.1(a).  Further, appellant cites no authority for this argument, and it is thus waived by inadequate briefing.  *See Muhammed v. State*, 331 S.W.3d 187, 195 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see also* Tex. R. App. P. 38.1(i).  Finally, the State's alleged post-conviction retesting of biological evidence is not a ground enumerated in the statute that would entitle appellant to retesting on his own motion.  *See* Tex. Code Crim. Proc. Ann. art. 64.01; *Routier*, 273 S.W.3d at 245–46.

Appellant's first issue is overruled.

## II.      Ineffective Assistance of Counsel

In his second issue, appellant contends his court-appointed counsel provided ineffective assistance in violation of the Texas Constitution and United States

---

[2] The statute was amended after appellant filed his motion.  *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 278, § 5, 2011 Tex. Sess. Law Serv. 884 (Vernon) (codified at Tex. Code Crim. Proc. Ann. art. 64.01(b)(2) (Vernon Supp. 2011).  Appellant's motion is governed by the law in effect before the amendment.  *See id.* §§ 9–10, 2011 Tex. Sess. Law Serv. 885.

[3] The basis for appellant's assertion appears to be a sentence in the State's response to appellant's motion in the trial court: "In this case, DNA testing has been already been [sic] performed in 2005 by the Harris County Medical Examiner's Office."  The State contends the date is a typographical error.

Constitution because his counsel failed to (1) obtain and bring forth a notarized statement by the complainant made in July 2000 that states she was impregnated by someone else;[4] (2) file a request for judicial notice that the biological evidence collected from the complainant was collected in violation of Florida and Texas law; (3) investigate issues raised in the original motion for DNA testing, *i.e.* the statement from the complainant; (4) obtain a Harris County non-prosecution form signed by the complainant; and (5) object to the 17-month delay between the filing of his motion for DNA testing and the State's response on the merits.

Assuming without deciding that appellant may assert a claim of ineffective assistance of counsel in a post-conviction proceeding for DNA testing,[5] we find no basis for concluding that counsel's performance was deficient in this case. To prevail on this claim, appellant must prove that his counsel's representation was deficient because it fell below the objective standard of professional norms, and that this deficient performance prejudiced his defense. *Bell v. State*, 90 S.W.3d 301, 307 (Tex. Crim. App. 2002). When this claim is raised on direct appeal, the record usually will be inadequate to determine whether counsel's representation was so deficient and lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Id.*

This record contains no explanation for counsel's conduct, and we are unable to determine whether counsel lacked any tactical or strategic reasons for his conduct.

---

[4] The complainant repeatedly changed her statements about who had impregnated her, and her prior inconsistent statements on that subject were introduced at trial. *Kingery v. Dretke*, 2006 WL 1441925, at *10.

[5] *See Bell v. State*, 90 S.W.3d 301, 307 (Tex. Crim. App. 2002) ("We have not decided whether an appellant may raise a claim of ineffective assistance arising from a hearing under Chapter 64, and we need not do so in this case."); *Lomax v. State*, No. 14-07-00934-CR, 2008 WL 5085653, at *2 n.6 (Tex. App.—Houston [14th Dist.] Nov. 25, 2008, pet. ref'd) (mem. op., not designated for publication) (collecting cases holding that such a claim is unavailable in a Chapter 64 DNA appeal); *see also Ex Parte Mines*, 26 S.W.3d 910, 912–13 (Tex. Crim. App. 2000) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today." (citation omitted)).

4

Further, appellant's first four allegations of ineffectiveness have no bearing on a proceeding brought under Chapter 64. *See* Tex. Code Crim. Proc. Ann. art. 64.01; *Routier*, 273 S.W.3d at 245–46. Counsel is under no obligation to engage in such futile exercises. *See Holland v. State*, 761 S.W.2d 307, 319 (Tex. Crim. App. 1988).

Appellant's second issue is overruled.

## III. Prosecutorial Misconduct

In his third issue, appellant contends that the State committed prosecutorial misconduct by (1) withholding from the court the notarized statement made by the complainant in 2000 that she was impregnated by someone else; (2) allowing a third party to investigate and obtain DNA evidence from the complainant's aborted fetus from an abortion clinic in Florida without a warrant or court order in violation of Texas and Florida statutes; and (3) violating the Lacy Peterson Act because the State knew the third party was fleeing authorities when the complainant was transported, held against her will, badgered, and forced to have an abortion.

Appellant's complaints based on prosecutorial misconduct related to his original trial fall outside the scope of a proceeding for DNA testing under Chapter 64, and they are not reviewable on appeal from a trial court's order denying appellant's motion. *See Reger v. State*, 222 S.W.3d 510, 513–14 (Tex. App.—Fort Worth 2007, pet. ref'd) (court of appeals lacked jurisdiction to consider matters unrelated to the Chapter 64 proceeding); *Hooks v. State*, 203 S.W.3d 861, 866 (Tex. App.—Texarkana 2006, pet. ref'd) (same). To the extent appellant complains about the State "withholding from the honorable courts" the statement by the complainant in ***this*** proceeding, the record contains no evidence of such "withholding."[6] Additionally, the statement is not material for purposes of *Brady v. Maryland*, 373 U.S. 83 (1963), because there is no reasonable

---

[6] Appellant relies on authorities concerning the State's failure to disclose exculpatory evidence, but from reviewing appellant's motion for DNA testing, which commenced this proceeding, appellant was fully aware of the alleged statement before this proceeding began.

probability that the outcome of this proceeding would have been different. *See Webb v. State*, 232 S.W.3d 109, 114 (Tex. Crim. App. 2007). The statement would not provide a basis for retesting the previously tested biological evidence under Chapter 64. *See* Tex. Code Crim. Proc. Ann. art. 64.01.

Appellant's third issue is overruled.

CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's order denying appellant's motion for DNA testing.

/s/  William J. Boyce
    Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).