

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00242-CR

_____

CHRISTOPHER LINDSAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 40661-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Christopher Lindsay was found guilty of possession of less than one gram of methamphetamine, he pled true to an enhancement allegation and was sentenced to seven years' confinement. Lindsay appeals, mainly by alleging two errors in the jury charge. We affirm the trial court's judgment, because (1) the jury charge required findings on all necessary elements of the offense, and (2) the evidence supported an instruction on the law of parties.

*(1)*     *The Jury Charge Required Findings on All Necessary Elements of the Offense*

Our review of error in a jury charge involves a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we determine whether error occurred, and then evaluate whether such error caused sufficient harm to require reversal. *Abdnor*, 871 S.W.2d at 731–32.

Lindsay contends that the trial court erred in submitting a charge which allowed the jury to convict him by finding only three out of ten requirements. The brief complains that the charge should have included the following elements: (1) a person; (2) who was Lindsay; (3) intentionally or knowingly; (4) possessed; (5) in Gregg County; (6) on or about January 13, 2011; (7) a controlled substance; (8) which was methamphetamine; (9) which was in Penalty Group I; (10) in an amount less than one gram.

Under a section labeled "Application of Law to Facts," the trial court's charge stated:

You must decide whether the state has proved, beyond a reasonable doubt, three elements. The elements are that—

2

1.      the defendant, CHRISTOPHER CARL LINDSAY, possessed methamphetamine in Gregg County, Texas, on or about the 13th of January, 2011; and

2.      the Methamphetamine was, by aggregate weight, less than one gram; and

3.      the defendant knew he was possessing a controlled substance.

You must all agree on elements 1, 2, and 3 listed above. If you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, and 3 listed above, you must find the defendant "not guilty."

If you all agree the state has proved each of the three elements above, you must find the defendant "guilty."

A trial court must submit a charge setting forth the "law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The jury charge should tell the jury what law applies and how it applies to the case. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).

Lindsay argues that this charge "compresses the elements of the offense, so that not ten elements, but three elements are before the jury." Even embracing Lindsay's ten-element list,[1] we find all necessary elements in this charge.

The charge required the jury to find that Lindsay "knew he was possessing a controlled substance." This Court instructed that this phrase "means a person was aware he was possessing something and aware that what he was possessing was a substance that was in fact a controlled

---

[1]The State is quick to point out that it "is not required to prove that Christopher Lindsay is a person; therefore, the first two (elements suggested by him) can be combined." We agree. The requirement that the jury find the act to be committed by Lindsay was sufficient to meet the first two elements in Lindsay's list.

substance." General statutory definitions of "intentionally" and "knowingly" were included. Thus, the charge required a finding on the third element in the list.

Next, the application paragraph required the jury to find that Lindsay possessed methamphetamine. The term "possession" was defined to mean "actual care, custody, control, or management." The jury was further instructed,

> Possession is a voluntary act if the possessor knowingly obtains or received the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. Possession need not be exclusive. Two or more people can possess the same controlled substance at the same time.

A finding on the fourth element in Lindsay's list was required.

The application paragraph required a finding of the proper venue and date, satisfying the fifth and sixth elements on the list.

The charge required a finding that Lindsay possessed methamphetamine, and the court's charge instructed that methamphetamine is a controlled substance. Lindsay complained that the jury was not given the opportunity to find whether methamphetamine was in Penalty Group I. That is because this issue is determined by the Texas Legislature as a matter of law. TEX. HEALTH & SAFETY CODE ANN. § 481.102(4) (West 2010). The seventh, eighth, and ninth elements in Lindsay's list were accounted for. Finally, the court required a finding on the last element on the list when the jury was asked to find the methamphetamine to be in an amount less than one gram.

Reasonably construed, the court's charge required the jury to find, beyond a reasonable doubt, each of the stated facts making up the statutory offense.

4

Nevertheless, according to Lindsay, the "gather[ing] up of venue, date, identity of the offender, and the specific controlled substance" "in just one sentence" "essentially streamlines the State's case." Lindsay failed to cite any authority prohibiting this act. This is because a jury charge must apply the law to the facts of the offense and instruct the jury under what circumstances to convict or acquit. *Doyle v. State*, 631 S.W.2d 732, 737 (Tex. Crim. App. 1980); *see McFarland v. State*, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996) (application paragraph of jury charge is what authorizes conviction), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998).

We find no error in the court's charge with respect to this point of error. It is overruled.

*(2)    The Evidence Supported an Instruction on the Law of Parties*

In his other, multifarious,[2] point of error, Lindsay complains: (1) that the evidence was legally insufficient to allow for the instruction on the law of parties, (2) that the "statutory source for [a particular] sentence is unclear," and (3) that "one problem with the jury charge" was that "there was no application of the law of the parties to the facts of the case."

> [I]f the evidence introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant then upon trial is not sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law of [parties] and is dependant, at least in part, upon the conduct of another. In such a case, the law of parties must be submitted and made applicable to the facts of the case.

---

[2]Because Lindsay bases this single point of error on more than one legal theory, his entire point of error is multifarious. *See* TEX. R. APP. P. 38.1; *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). A party that poses a multifarious point of error risks having it rejected summarily. We will, however, in the interest of justice, review the complaints in this point of error that are preserved for appellate review.

*McCuin v. State*, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974). Also, "[w]hen the evidence is sufficient to support both primary and party theories of liability, the trial court does not err in submitting an instruction on the law of parties." *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).

Evidence is sufficient to convict a defendant under the law of parties where he or she is physically present at the commission of the offense and encourages the commission of the offense either by words or other agreement. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). To convict someone as a party to an offense, the evidence must show that, at the time of the offense, the parties were acting together, each doing some part of the execution of the common purpose. *Id*. In determining whether the evidence is sufficient to prove that a defendant participated as a party in committing an offense, we look to "events before, during, and after the commission of the offense." *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006); *Ransom*, 920 S.W.2d at 302. Circumstantial evidence may be used to prove one is a party to an offense. *Powell*, 194 S.W.3d at 506; *Ransom*, 920 S.W.2d at 302; *Cordova*, 698 S.W.2d at 111. "Furthermore, a person can be convicted as a party even if the indictment does not explicitly charge him as a party." *Powell*, 194 S.W.3d at 506 (citing *Marable v. State*, 85 S.W.3d 287, 288 (Tex. Crim. App. 2002)).

At trial, criminal investigator Larry Nance testified that he was searching for known fugitive Michael Henry Goodson when he came across Lindsay lying on the floor of a vehicle parked at a location where Goodson's presence was suspected. Nance stood watch over Lindsay while other officers pursued Goodson. Nance located "a black zipper bag" inside of the "right

6

coat pocket" of a leather jacket that Lindsay was wearing. The bag contained Lindsay's "probation or parole" identification card, a credit card belonging to Daniel Weaver, and "a clear plastic baggy" containing ".20-grams of a substance that contains methamphetamine." Goodson was eventually caught and was seated, along with Lindsay, in a patrol car driven by Officer Shannon Purdon.

Initially, Lindsay told Purdon "that he got the drugs from a drug dealer but that they weren't any good." Later, he claimed that he did not know anything about the drugs because the jacket belonged to Goodson. While seated next to Goodson, Lindsay asked Goodson to claim the drugs. Goodson responded, "[B]ut it ain't my drugs." Later, Purdon located "5.37-grams of a substance . . . containing methamphetamine" in a "leather brown and black Justin wallet" that belonged to Goodson. Credit cards belonging to Weaver were found in Goodson's wallet as well.

At trial, Gary Bradshaw, who had been at the scene "for a few minutes" on the day of the arrests, testified that Lindsay did not have a jacket on when he arrived. According to Bradshaw, Lindsay retrieved a jacket that Goodson was known to wear from a "little garage shop." Goodson told the jury that the jacket and the drugs located inside belonged to him. He explained that he "probably just picked" up Lindsay's identification card from "a table in the shop" where drugs are crushed and snorted. During cross-examination, Goodson also testified that Lindsay is a drug user and that they used drugs together.

When the State requested an instruction on the law of parties, Lindsay's counsel responded:

7

> We'd object to the law of parties being a part of the charge for the sole reason that there's absolutely nothing to show that Mr. Lindsay aided, abetted or assisted in possession of these drugs at any time. The only question is did he actually possess them, and that's going to come to a question of his knowledge of the drugs being present in the jacket. I don't think that there's anything that's been introduced that says that the law of parties should be included in this charge, I just don't see it.

The State pointed out that the "drugs were found in Mr. Goodson's wallet and the same exact looking drugs packaged the same way as in evidence were found in a wallet that has an identification card with Mr. Lindsay's name on it." The trial court found that Goodson and Lindsay "appeared to be co-commissions [sic] . . . with the offense of possession of controlled substance" after the State asserted that the instruction was necessary because one could deduce they were "helping each other possess and possibly distribute narcotics." The following instructions were given:

> All persons are parties to an offense who are proven beyond a reasonable doubt to be guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

We conclude that the evidence raises the possibility that: (1) Lindsay directly possessed the methamphetamine, given that he initially claimed it and his identification card was found alongside the drugs, which were packaged in a clear bag; (2) the drugs belonged to both Goodson and Lindsay, given Goodson's testimony that they used drugs together; or (3) the drugs

8

were Goodson's, but that Lindsay, as a user, solicited, directed, or encouraged Goodson to possess the methamphetamine found in the jacket. Considering these possibilities, we cannot conclude the trial court erred in allowing the instruction on the law of parties.

Other than the general inclusion of the law of parties instruction, Lindsay's counsel affirmatively stated he had no further objection to the trial court's charge during guilt/innocence. However, on appeal, he makes two additional complaints relative to the charge, complaints that were not made to the trial court and, thus, not preserved.[3]

One of Lindsay's additional complaints is that the statutory authority of the first sentence is "unclear." The questioned sentence in the charge reads: "All persons are parties to an offense who are proven beyond a reasonable doubt to be guilty of acting together in the commission of the offense." While Lindsay does not go so far as to contend that the inclusion of the sentence was erroneous, we point out that the Texas Court of Criminal Appeals has previously held that inclusion of this exact language did not result "in egregious harm to appellant." *Marvis v. State*, 36 S.W.3d 878, 880 (Tex. Crim. App. 2001).

The other additional complaint on appeal is that the charge was erroneous because there was no application of the law of parties to the facts of the case. While, ordinarily, that is error, that is of no consequence here. Evidence indicating direct responsibility by itself has been found

---

[3]The State notes that Lindsay failed to provide any authority for this complaint. Lindsay's brief was required to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Muhammed v. State*, 331 S.W.3d 187, 195 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *King v. State*, 17 S.W.3d 7, 23 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)). While we could find these two additional complaints waived due to inadequate briefing, we address them in the interest of justice.

to render any error resulting from an improper charge on the law of parties harmless. *See Brown v. State*, 716 S.W.2d 939, 945–46 (Tex. Crim. App. 1986); *see also Atkinson v. State*, 923 S.W.2d 21, 27 (Tex. Crim. App. 1996) ("the harmfulness of error in a jury charge should be measured, at least in part, against the likelihood that the jury's verdict was actually based on an alternative theory of culpability not affected by erroneous portions of the charge"), *overruled on other grounds by Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002). This was not harmful, and was certainly not egregiously harmful.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    July 16, 2012
Date Decided:      July 31, 2012

Do Not Publish