**Affirmed and Memorandum Opinion filed August 16, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00243-CR

## JOSEPH BARUCH RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 405th District Court
### Galveston County, Texas
### Trial Court Cause No. 12CR2802

## M E M O R A N D U M   O P I N I O N

Joseph Baruch Rodriguez appeals the trial court's judgment revoking his deferred adjudication community supervision. He contends the trial court abused its discretion in adjudicating him guilty because the evidence is insufficient to prove that he violated the terms and conditions of his community supervision. We affirm.

BACKGROUND

Around 11:00 p.m. on August 25, 2014, John Ringo and his wife were getting ready for bed when they heard their doorknob rattle as someone attempted to enter their locked home. Looking through the peephole, Ringo saw appellant standing at the door. Appellant told Ringo that he wanted to speak to Leslie Ringo — Ringo's 35-year-old daughter.

Ringo told appellant that Leslie did not live there and was not present. Appellant kept demanding to see Leslie. Ringo told appellant at least three times to leave the property and threatened to call the police. Appellant eventually retreated from the porch to his truck parked 20 to 25 feet away in Ringo's driveway, but did not leave the property. Ringo called the police.

While appellant was near his truck, Ringo's wife yelled for appellant to "get out of here now." Appellant then pulled a large machete from inside his truck. Appellant circled the truck waving the machete over his head, talking to himself, and looking angry. Police arrived and arrested appellant, and he was charged with criminal trespass with a deadly weapon.

At the time of the incident, appellant was on deferred adjudication community supervision for a 2012 possession of cocaine charge. Prompted by the events at the Ringo residence, the State filed a motion to adjudicate guilt and revoke community supervision on September 29, 2014.

The trial court held a hearing on the motion to revoke appellant's community supervision and to adjudicate him guilty of the offense of possession of a controlled substance on December 18, 2014. Ringo testified regarding the events leading up to appellant's arrest. The arresting officer testified concerning appellant's behavior at the time of the arrest, and stated that appellant "seemed

disoriented" and "emitted an odor of alcoholic beverage from his person." Appellant's probation officer testified that appellant was not in compliance with the conditions of his probation based on the new offense of criminal trespass, appellant's failure to pay fees and costs, appellant's use of alcohol, and appellant's failure to complete at least 16 hours of community service per month.

The trial court found that appellant violated multiple conditions of his probation. A sentencing hearing was held on February 13, 2015. The trial court adjudicated guilt and sentenced appellant to six years' confinement. Appellant timely appealed.

ANALYSIS

In his first, second, and third issues, appellant contends the trial court abused its discretion in revoking his probation. Specifically, appellant contends the State failed to prove by a preponderance of the evidence that he violated the terms and conditions of his community supervision by (1) committing a criminal trespass; (2) consuming alcohol or entering a bar, tavern, lounge, or similar place; and (3) failing to pay court costs and fees.

## I.    Standard of Review

The decision to proceed to an adjudication of guilt on the original charge and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision where adjudication of guilt is not at issue. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2015). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In conducting this review, we view the evidence in the light most favorable to the trial court's order. *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—

3

Houston [14th Dist.] 1999, pet. ref'd). The trial court is the exclusive judge of the credibility of the witnesses and determines if the allegations in the motion are sufficiently demonstrated. *Id*. The State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Id.*

A trial court does not abuse its discretion in revoking probation if there is one sufficient ground for revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). If there is sufficient evidence that appellant committed any one of several grounds for revocation, we will affirm. *See Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978). Appellant "must successfully challenge all the findings that support the revocation order" to prevail on appeal. *Joseph*, 3 S.W.3d at 640.

## II.   Criminal Trespass

In his first issue, appellant contends that the State failed to prove he committed a criminal trespass because (1) "there is legally insufficient evidence to prove that [appellant] entered the premises upon which he is accused of trespassing," (2) "there is legally insufficient evidence to prove that [appellant] failed to depart the property," and (3) he "did not believe that the homeowner he encountered had the authority to give him the command to depart the property."

A person commits the offense of criminal trespass if he "enters or remains on or in property of another, including residential land, . . . without effective consent" and he "received notice to depart but failed to do so." *See* Tex. Penal Code Ann. § 30.05(a)(2) (Vernon Supp. 2015); *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). If a person carries a deadly weapon during the commission of the offense, the crime becomes criminal trespass with a deadly weapon. *See* Tex. Penal Code Ann. § 30.05(d)(3)(B).

4

Appellant contends that he "never entered the premises upon which he was accused of trespassing" because "he never gained access into the clearly private Ringo residence." The State does not have to prove that appellant entered the building of another to provide sufficient evidence of criminal trespass; rather, the offense also is committed if appellant remained on the Ringos' "residential land" after being asked to leave. *See id.* § 30.05(a).

Appellant next contends that he "did not remain on the property after receiving notice to depart, but rather, attempted to depart by retreating to his truck." The record does not support appellant's contention. Ringo testified that appellant did not depart after being told to leave; instead, appellant stayed in the driveway for 10 to 20 minutes until police arrived. The arresting officer found appellant in the Ringos' driveway next to his truck "standing stationary, not doing anything." We conclude the evidence is sufficient to show that appellant remained on the property after receiving notice to depart.

Appellant further contends he did not commit a criminal offense because he "did not believe that the homeowner he encountered had the authority to give him the command to depart the property." Appellant cites no authority for this argument, and it is thus waived by inadequate briefing. *See Muhammed v. State*, 331 S.W.3d 187, 195 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see also* Tex. R. App. P. § 38.1(i).

Having rejected appellant's contentions regarding the criminal trespass offense, we conclude the evidence is sufficient to support the trial court's finding that appellant committed an offense in violation of the terms of his probation. Accordingly, we overrule appellant's first issue.

We need not address appellant's second or third issues because a single violation of a probation condition is sufficient to support the trial court's decision

5

to revoke probation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *Greer*, 999 S.W.2d at 486.

Of final note, appellant briefly contends that, "had the payment allegations not been included because there was insufficient evidence to support them, the trial court might have given [appellant] a lighter sentence" and "sentence[d] him to less than six years in prison." The trial court stated during the hearing that, "even if the State were to prove the amount, there's no proof that [appellant] had the ability to pay" certain fees and costs. Accordingly, the trial court found three of the nonpayment allegations not true because there was no evidence of appellant's ability to pay. The only money-related violations the trial court found to be true were appellant's failure to pay amounts of $25 and $40; the trial court found that appellant had some income and could pay the those amounts. There is no evidence that the trial court considered the unsupported payment allegations in determining appellant's sentence. Accordingly, we conclude that the trial court's sentence — which fell within the statutory range of punishment — was proper.

## CONCLUSION

We affirm the trial court's judgment.


/s/    William J. Boyce
       Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

6