# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

Lyle W. Cayce
Clerk

No. 11-20608
Summary Calendar

SABINA MUHAMMED,

Plaintiff–Appellant

v.

LONE STAR COLLEGE SYSTEM,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2381

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Sabina Muhammed, a Pakistani Muslim, alleges that she was the victim of discrimination by Defendant–Appellee Lone Star College System (the "College"). Muhammed complains that Lone Star College improperly accused her of breach of computer security in violation of Texas Penal Code § 33.02; she was found guilty of those charges because of false testimony by College employees; and that College employees made inflammatory, degrading, and racial statements concerning her nationality, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20608

her religious beliefs.  The district court dismissed Muhammed's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Muhammed timely appealed.

Although we "liberally construe" the filings of *pro se* litigants and "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *pro se* appellants must still comply with the principles of appellate procedure.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted).  The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(9); *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  General arguments without citations to any error are insufficient to preserve issues for appeal.  *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Muhammed's brief purports to assert three issues for review by this Court: (1) "violations of civil rights and the 14th Amendment," (2) "wrongful dismissal of case from US District Court judge," and (3) "perjury and forgery of employees." Her arguments on these issues are completely devoid of record citations or specific indications as to how the district court erred; it merely asserts that she was harmed by the College's actions and that the dismissal was incorrect. "Aside from the implication raised by its existence, [appellant's] brief does not argue that the district court erred in any way." *Grant*, 59 F.3d at 525.  Such a filing is "in practical effect . . . the same as if [s]he had not appealed" at all. *Brinkman v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, we DISMISS Muhammed's appeal for want of prosecution.[1]

---

[1] "In all instances of failure to prosecute an appeal to hearing as required, the court may take such other action as it deems appropriate." 5TH CIR. R. 42.3.3. "[W]hen appellant fails . . . to comply with the rules of the court, the clerk must dismiss the appeal for want of prosecution." 5TH CIR. R. 42.3.2.