**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No. 11-20601
Summary Calendar

SABINA MUHAMMED,

Plaintiff-Appellant

v.

STATE OF TEXAS, OPEN RECORDS DIVISION,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1709

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sabina Muhammed appeals the district court's dismissal for failure to state a claim of her suit against the Open Records Division of the Texas Attorney General's Office ("the Division"). Muhammed was convicted previously in Texas state court of breach of computer security related to her unauthorized access of a University of Houston student's computer account. *Muhammed v. State*, 331 S.W.3d 187, 189 (Tex. App. 2011). In this suit, Muhammed alleged that the Division failed to enforce an Attorney General ruling, later "overruled" according

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to Muhammed, requiring the University of Houston (UH) to disclose to her information about and/or the actual records of 300 UH students. She alleged that the Division permitted UH to use counterfeit documents in a criminal trial against her and that Dr. Libby Barlow, who is not a defendant, falsely accused Muhammed of illegally accessing the records and so damaged Muhammed's "life and professional future." She also alleged that UH, who is also not a defendant to her suit, violated her Fourteenth Amendment and due process rights by "punish[ing]" her without releasing the records to her. Muhammed sought a writ of mandamus or an injunction against UH ordering it to "purge and seal" all of its records of references to her conviction or any administrative actions involving her. She further sought actual and punitive monetary damages, as well as an order declaring an unspecified UH board hearing "null and void."

On motion of the Division, the district court dismissed Muhammed's suit for failure to state a claim. Muhammed now seeks to have this court order the Division and UH to comply with the later-overruled Attorney General ruling requiring UH to release the records to her. She asserts, without legal or record citations, that the dismissal of her suit by the district court "is just not acceptable due to the seriousness and magnitude of the case . . . ." Muhammed argues that she has been deprived of her good reputation without due process.

We review the district court's dismissal of Muhammed's suit under FED. R. CIV. P. 12(b)(6) de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Most of what Muhammed alleged, and the relief she sought, related to parties that were not defendants in the instant matter and to a conviction for which the instant suit is not a proper forum for a challenge. Muhammed's allegations against the Division are vague, conclusory, and fail to indicate a plausible claim for relief. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Her bare and conclusory assertions on appeal of entitlement to the records and injury to her reputation in an entirely separate criminal proceeding state no facts sufficient to raise her claims for relief above the speculative level.

*See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted) (stating that, although this court applies "less stringent standards to parties proceeding pro se than to parties represented by counsel," pro se appellants must still comply with the principles of appellate procedure); FED. R. APP. P. 28(a)(9*).* The decision of the district court is AFFIRMED.