# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2012

Lyle W. Cayce
Clerk

No. 12-20033
Summary Calendar

SABINA MUHAMMED

Plaintiff-Appellant

v.

DR. LIBBY BARLOW,
Executive Director of Institutional Research,
University of Houston Central Campus

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
U.S.D.C. No. 4:11-cv-3852

Before STEWART, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Sabina Muhammed, who is proceeding pro se, appeals the district court's dismissal of her claims against Defendant-Appellee, Dr. Libby Barlow, a University of Houston ("UH") official.  For the reasons provided below, we DISMISS Muhammed's appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20033

# I. FACTUAL BACKGROUND

Muhammed was a graduate student at UH, and was employed as a tutor at nearby Lone Star College ("LSC"). She was convicted in Texas state court of a misdemeanor breach of computer security, under Section 33.02 of the Texas Penal Code, for the unauthorized access of the electronic records of fellow UH students from a public computer terminal in an LSC computer lab. *See Muhammed v. State*, 331 S.W.3d 187 (Tex. Crim. App. 2011) (affirming Muhammed's criminal conviction).

# II. PROCEDURAL HISTORY

On November 1, 2011, Muhammed filed suit, pro se, against Barlow. Besides the instant litigation, Muhammed has initiated four other pro se civil lawsuits pertaining to the cooperation of UH and LSC officials in her criminal prosecution. We briefly describe each of these lawsuits.

## A. *Muhammed v. University of Houston*

In *Muhammed v. University of Houston* ("*Muhammed Civ I*"), No. 4:10-cv-2382 (S.D. Tex.), Muhammed alleged, *inter alia*, that UH and its officials discriminated against her as a Muslim of Pakistani origin, in violation of 42 U.S.C. § 1983 (2006) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2006). She also asserted that UH officials, including Barlow, violated the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (2006), and perjured themselves at her criminal trial, but provided minimal elaboration for these allegations. On November 4, 2010, the district court stayed *Muhammed Civ I* pending the exhaustion of Muhammed's appeals of her criminal conviction. The litigation remains pending.

## B. *Muhammed v. Office of Registration and Academic Records*

In *Muhammed v. Office of Registration and Academic Records* ("*Muhammed Civ II*"), No. 4:11-cv-0015 (S.D. Tex.), Muhammed elaborated on

the UH officials' alleged FERPA violations. However, on February 16, 2011, the district court dismissed the litigation as duplicative of *Muhammed Civ I*.

## C. *Muhammed v. Texas*

In *Muhammed v. Texas* ("*Muhammed Civ III*"), No. 4:11-cv-1709 (S.D. Tex.), Muhammed alleged that the Open Records Division of the Texas Office of the Attorney General had failed to act on an administrative request she had made concerning UH's alleged FERPA violations. On August 1, 2011, the district court dismissed the litigation for failure to state a claim. This court affirmed *Muhammed Civ III* on June 26, 2012. *See* No. 11-20601, 2012 WL 2402013 (5th Cir. Jun. 26, 2012) (per curiam).

## D. *Muhammed v. Lone Star College System*

In *Muhammed v. Lone Star College System* ("*Muhammed Civ IV*"), No. 4:10-cv-2381 (S.D. Tex.), Muhammed raised similar allegations to those in *Muhammed Civ I*, but this time against LSC and its officials. She also elaborated on her perjury allegations, specifically alleging violations of 18 U.S.C. §§ 1622 and 1623 (2006). Finally, Muhammed alleged that LSC officials had violated 18 U.S.C. § 2511 (2006), which governs the interception and disclosure of electronic communications. On August 10, 2011, the district court dismissed *Muhammed Civ IV* for failure to state a claim. Muhammed appealed on August 23, 2011, but this court dismissed her appeal for failure to prosecute on February 8, 2012. *See Muhammed Civ IV*, 460 Fed. App'x 341 (5th Cir. 2012) (per curiam).

## E. *Muhammed v. Barlow*

In the instant litigation, *Muhammed v. Barlow* ("*Muhammed Civ V*"), No. 4:11-cv-3852 (S.D. Tex.), Muhammed repeats her various allegations from the earlier lawsuits, but specifically names Barlow as the captioned defendant. On December 28, 2011, the district court dismissed Muhammed's claims as duplicative of her earlier lawsuits. The district court dismissed those claims that overlap with *Muhammed Civ I* without prejudice because that litigation

No. 12-20033

remains pending, but dismissed the remaining claims with prejudice as res judicata. In a separate order, issued on the same date, the district court barred Muhammed from filing further suit in the U.S. District Court for the Southern District of Texas without the court's written consent. Muhammed timely appealed.

## III. DISCUSSION

"In all instances of failure to prosecute an appeal to hearing as required, the court may take such other action as it deems appropriate." 5th Cir. R. 42.3.3. An "appellant's brief must contain . . . [an] argument, which must contain [the] appellant's contentions and the reasons for them . . . for each issue, a concise statement of the applicable standard of review . . . [and] a short conclusion stating the precise relief sought." Fed. R. App. P. 28(a)(9). "[W]hen [an] appellant fails . . . to comply with the rules of the court, the clerk must dismiss the appeal for want of prosecution." 5th Cir. R. 42.3.2.

Muhammed's present appeal is comparable to her appeal in *Muhammed Civ IV*, which this court dismissed for failure to prosecute. In our February 8, 2012 opinion, we explained that "[a]lthough we 'liberally construe' the filings of pro se litigants and 'apply less stringent standards to parties proceeding pro se than to parties represented by counsel,' pro se appellants must still comply with the principles of appellate procedure." *Muhammed Civ IV*, 460 Fed. App'x at 342 (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam)). We summarized the requirements of Federal Rule of Appellate Procedure 28(a)(9), which govern the argument section of an appellate brief, and cautioned that "[g]eneral arguments without citations to any error are insufficient to preserve issues for appeal." *Id.* (citing *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987)).

Here, Muhammed's appellate brief sets out four arguments. Muhammed's first three arguments expressly "repeat and re-allege[]" the various allegations

contained in Muhammed's trial-level pleadings. *See* Pl.-Appellant's Br. at 12-14. Her fourth and final argument submits that the trial court's dismissal was "not acceptable due to the seriousness and magnitude of the case," but provides no further elaboration. *See id.* at 14.

As we observed in *Muhammed Civ IV*, an appellate brief that does not identify a single specific district court error is, in practical effect, the same as no appellate brief at all. 460 Fed. App'x at 342 (citing *Grant*, 59 F.3d at 525; *Brinkmann*, 813 F.2d at 748). Accordingly, Muhammed's appellate brief is insufficient for her to maintain her appeal.

## IV. CONCLUSION

For the foregoing reasons, we DISMISS Muhammed's appeal for failure to prosecute.