Tom WILSON et ux., Appellants,

v.

F. C. Brent MANLEY, Appellee.

No. 6411.

Court of Civil Appeals of Texas.

Beaumont.

June 1, 1961.

Rehearing Denied June 28, 1961.

Stephenson & Stephenson, Orange, for appellants.

Orgain, Bell & Tucker, Beaumont, for appellee.

McNEILL, Justice.

Tom Wilson appellant, whom we shall refer to as plaintiff, brought this suit against F. C. Brent Manley, appellee, whom we shall refer to as defendant, and was one for injuries sustained by plaintiff's wife, Elsie Wilson, which resulted from a collision between an automobile being driven by defendant and one being driven by Mrs. Wilson. Just before the accident involved, she was driving a Buick car southwardly along the Orange-Port Arthur Highway in Orange County and defendant Manley was driving his car in the same direction, and the collision resulted as a result of his car overtaking hers and attempting to pass at the time Mrs. Wilson was turning her car to the left into a side road. This is the second appeal of the case; the first resulted in reversal and remand by this court. Manley v. Wilson, Tex.Civ.App., 313 S.W.2d 339. The detailed facts of the collision were well set out in that opinion written by our late able Chief Justice John R. Anderson and we need not repeat them. In the present appeal, the pleadings reveal Tom Wilson alone as plaintiff, while the judgment and order overruling motion for new trial dispose of both plaintiff and wife as parties. No complaint seems to be made of the ambiguity and we will treat Tom Wilson as sole plaintiff.

The trial, from which comes the present appeal, resulted in a judgment for the defendant upon findings by the jury that both parties were negligent in several respects, and that such negligence was the proximate cause of the collision. Plaintiff urges 14 points of error. The jury answered Issues 10 and 11, which are summarized immediately succeeding, against plaintiff and his first point complains of the error of the trial court in submitting Special Issue No. 10, inquiring whether the plaintiff's wife failed to give a continuous signal for 100 feet before turning her car, and in submitting Special Issue No. 11, conditioned on a "yes" answer to Issue 10, inquiring whether such failure was a proximate cause of the collision, in face of plaintiff's objection to the submission of Issue No. 11 in the absence of the submission of a separate negligence issue, ancillary to Issue No. 10. Plaintiff argues that Sec. 68(b) of Art. 6701d, Vernon's Ann.Tex.Civ.St., requiring that a signal of intention by a car operator before turning right or left "shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning" does not set forth any specific and definite standard and therefore the common law test of a "reasonably prudent

man" required in an issue of negligence should be submitted. He cites the case of Booker v. Baker, Tex.Civ.App., 306 S.W.2d 767, 774 as authority for his position. The case does not control the one before us. That case involved the construction of Sec. 68(a) providing that the driver of a vehicle shall not change his vehicle's course "until such movement can be made with safety"; and involved Sec. 72 of the Article requiring a vehicle to yield the right of way to another vehicle approaching from the opposite direction which is within the intersection or so close thereto "as to constitute an immediate hazard." A given factual situation when "such movement can be made with safety" may satisfy one person that the movement may then be made safely, but not another and in order to have a standard of conduct the test of the "reasonably prudent" man must be applied. Missouri-Kansas-Texas R. R. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 936. And so with the phrase "immediate hazard". But there is no looseness or lack of definite standard in Sec. 68(b) as to the minimum of caution required, that is, before the operator shall turn right or left he shall give a continuous signal for at least 100 feet before beginning the turn. The distance of 100 feet is a definite standard of which all must take notice; it does not lend itself to amplification nor construction. A violation of this provision is negligence as a matter of law, since no assertion is made, nor could there have been, that such signal was not "required" by this section under the circumstances. Lewis v. Lansing, Tex.Civ.App., 325 S.W.2d 214. Issue No. 10 inquired whether plaintiff's wife gave such "a continuous signal of her intention to turn to the left for the last 100 feet traveled before turning." Our opinion on the former appeal impliedly upheld the giving of Issues Nos. 10 and 11 as submitted by the court. We again hold this view.

■ Plaintiff's points 2 through 7 complain of other issues on contributory negligence which the jury found unfavorably to him, and while there appears to be some

merit in one or more of these complaints, we have thought it unnecessary to discuss them because of our holding as to the sufficiency of Issues 10 and 11. Point 8 reads as follows:

"The Trial Court committed error to Appellant's prejudice in refusing to set aside the jury's answers to the special issues and in overruling Appellant's Motion for New Trial for the reason that the jury's answers were against the overwhelming weight of the evidence."

Point 9 is in the same language except that the answers were against the "preponderance" of the evidence. Both points raise the same question. Though they appear too general, we have nevertheless examined the evidence supporting the findings of the jury in answer to Issues 10 and 11 and are satisfied the evidence sufficiently supports the answers given. Since we so hold, point 10, complaining that the issues have "no support" in the evidence, is overruled.

■ Points of error 11 through 14 complain of jury misconduct. As is usual in trials of this nature, after each of several primary issues, the charge contained an instruction that if the jury should answer the preceding issue in the affirmative and only in that event, then the next or ancillary issue should be answered. Points 11 and 12 are to the effect that the court erred in failing to grant appellant a new trial, because the jury failed to obey the court's instruction in answering each such ancillary issue, and construing such intervening instruction as one requiring an affirmative answer to the ancillary issue as well, would answer it in the same manner as the primary issue without a vote on the ancillary issue. Eleven of the jurors testified on motion for new trial and they were examined fully as to the matters involved. There was testimony of four of the jurors that where an ancillary issue was preceded by an instruction to the effect that the issue was to be answered only in event an affirmative answer was given to the primary is-

sue, the jury took that to mean that the ancillary issue should be answered affirmatively, also. These four jurors testified there was no separate vote taken on ancillary issues similarly situated. Appellant claims this misconstruction as placed upon the intervening instruction testified to by the four jurors brought about a clerical mistake. Precedent does not uphold this view; it was a misunderstanding of the instruction and this is not ground for setting the verdict aside. Adams v. Houston Lighting & Power Co., 158 Tex. 551, 314 S.W.2d 826; Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364. In addition, the other seven jurors testified that each issue was voted on separately, including those submitted conditionally upon an affirmative answer to the preceding issue. The trial court heard the testimony and overruled the motion, thus having the effect of a finding that a vote was taken on each separate issue, whether ancillary or primary, before answering. Points 11 and 12 are, therefore, overruled.

Point 13 complains of failure to grant a new trial for the reason that the foreman followed a pattern of paraphrasing the issues, and the issues were not answered as worded by the court, which resulted in clerical errors voiding the verdict. Point 14 complains that the answers written by the foreman were not the answers to the issues submitted by the court but were answers to questions asked by the foreman. There was some testimony to the effect that the foreman paraphrased certain of the issues in certain of the discussions. However, all of the jurors testified that the entire issues were read separately in full at least twice. Besides there was ample testimony that the issues were not paraphrased by the foreman, that before the answer to each issue was finally agreed upon and written down, the issue was read in full by the foreman, and thus did not cause the jury to answer in a way that they did not intend the issues to have been answered. In overruling the motion for new trial, it must be held the court impliedly found that

no paraphrasing existed of any material consequence which misled the jury into giving wrong answers.

Deeming the trial court's disposition of the case proper, we affirm it.