Mario Borrego DELAO et ux.
Appellants,

v.

Michael David CARLSON, Appellee.

No. 13066.

Court of Civil Appeals of Texas,
Austin.

Oct. 24, 1979.

Kirk Kuykendall, Lockhart, Kuykendall & Jones, Austin, for appellants.

Harvey F. Cohen, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from an order entered after a non-jury hearing sustaining appellee's plea of privilege to be sued in the county of his residence, Williamson County. Appellants, Mr. and Mrs. Mario Borrego Delao, brought this suit in Travis County against appellee seeking to recover damages under the wrongful death and survival statutes. Tex.Rev.Civ.Stat.Ann. arts. 4671 (Supp.1978) and 5525 (1958), alleging that appellee was operating a motor vehicle in Travis County in a negligent manner, struck appellants' son and caused his death.

The trial court sustained appellee's plea of privilege on the grounds that appellants had not proved that appellee was negligent and transferred the case to Williamson County for trial. Thereafter, appellants perfected their appeal to this Court.

We affirm.

There are essentially three questions presented us. The first is whether or not the trial court erred in not holding that appellee's failure to have his bright lights on at the time of the accident was negligence as a matter of law. The second and third points of error complain that the trial court's finding that the defendant was driving at a reasonable and prudent speed was against the great weight and preponderance of the evidence and that such finding was not supported by any evidence.

The deceased, Mario Morales Borrego, was killed just after midnight in Travis County on December 23, 1978, when he was struck by a car driven by appellee on the service road for northbound traffic adjacent to Interstate 35.

The court found that at the time of the collision between the deceased and the vehicle driven by appellee, the deceased was in a northbound traffic lane at least four and one-half feet from the right hand (or east) edge of the road; that before the accident appellee was operating his vehicle with his headlights on low beam; that at all times material to the suit, appellee was maintaining a proper lookout; that at all times material to the suit appellee was driving less than the legal speed limit and at a rate which was not excessive or unreasonable under the circumstances; that appellee made timely application of his brakes and swerved his vehicle to the left in an attempt to avoid the accident; and that at 12:45 A.M., the time of the accident, the lighting conditions at the scene and location of the point of impact were poor. The evidence is undisputed that the deceased was wearing dark clothing, except for a white shirt that was covered over by a dark colored coat.

Texas Rev.Civ.Stat.Ann. art. 1995, § 9a (1964), provides that a negligence suit may be brought in the county where the negligence occurred. The venue facts which the moving party must establish by the preponderance of the evidence are that the negligence occurred in the county of suit, was the act or omission of the defendant, and was the proximate cause of the injuries complained of. *Reynolds and Huff v. White*, 378 S.W.2d 923 (Tex.Civ.App.1964, no writ).

Appellants maintain that appellee was driving with his headlights on low

beam and that in doing so violated Tex.Rev. Civ.Stat.Ann. art. 6701d, §§ 109(a), 126, and 127, which relate to the use of headlights on Texas highways. Appellants contend that a violation of this statute and the pertinent sections constitutes negligence as a matter of law. Appellants have cited no cases in point construing these sections, nor have we found any.

Section 109(a) provides that every vehicle upon a highway in this state between a half hour after sunset and a half hour before sunrise and at any time when due to insufficient light or unfavorable atmospheric conditions, persons and vehicles are not clearly discernible at a distance of one thousand feet shall display lighted lamps and illuminating devices, subject to certain exceptions that do not apply to the case at bar. Section 126 provides that the headlights shall be so arranged that the driver may select at will between distributions of light projected to different elevations, and that there shall be an uppermost distribution of light to reveal persons and vehicles at a distance of at least 450 feet ahead.

Section 127 is most pertinent to this appeal, and provides in part:

"Whenever a motor vehicle is being operated on a roadway . . . [at night] the driver shall use a distribution of light . . . directed high enough and of sufficient intensity to reveal persons and vehicles at a *safe distance* in advance of the vehicle . . . " (Emphasis added).

Read together, Section 109 provides when headlights are required, Section 126 states the necessity for multiple beam lighting equipment, and Section 127 finally states the standard of usage of this equipment, that a driver shall use a " . . . distribution of light . . . of sufficient intensity to reveal persons . . . at a safe distance in advance of the vehicle . . . " Of these sections, only Section 127 is applicable to the case at bar, since appellee did have the required headlights (§ 109(a)), and was equipped with high beam lights (§ 126). We must decide, then, whether a failure to use lights of sufficient intensity (high beam) to reveal the deceased constituted negligence as a matter of law.

In our opinion, Art. 6701d, § 127, comes within the class of statutes in which the common law standard of the reasonably prudent person must be used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. Section 127 requires a distribution of light to reveal persons at a "safe distance," which is not an absolute standard, but one that must be determined from the evidence of the facts and circumstances existing at the time the motorist was operating the vehicle.

In *Booker v. Baker*, 306 S.W.2d 767 (Tex. Civ.App.1957, writ ref'd n. r. e.), the court construed Art. 6701d, § 68(a), providing that the driver of a vehicle shall not change his course on a roadway until such movement can be made with safety. The court cited the leading case of *Missouri-Kansas-Texas Railroad Company v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931 (1956), and concluded that a given factual situation when "such movement can be made in safety" may satisfy one person that the movement may be made safely, but not another, and in order to have a standard of conduct the use of the reasonably prudent man must be applied.

In *Wilson v. Manley*, 347 S.W.2d 778 (Tex.Civ.App.1961, writ ref'd n. r. e.), the court construed Art. 6701d, § 68(b), requiring that a signal of intention by a car operator before turning right or left "shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning." The court held that a violation is negligence as a matter of law, since a signal was required under the circumstances. The court stated: "The distance of 100 feet is a definite standard of which all must take notice; it does not lend itself to amplification nor construction."

In *Allen v. Knippa*, 552 S.W.2d 528 (Tex. Civ.App.1977, writ dism'd), the court held that a violation of Art. 6701d, § 138, requiring a motorist stopped on a roadway or adjacent shoulder to actuate vehicular haz-

ard lamps, was negligence *per se*. This opinion is based upon the rationale in *Wilson v. Manley, supra*, that the language of Section 138 sets a definite standard, and is not subject to amplification or construction.

Our Supreme Court in *Missouri-Kansas-Texas Railroad Company v. McFerrin, supra*, interpreted Art. 6701d, § 86, which provides that a motorist shall not proceed across a railroad track until he can do so safely when an approaching train is plainly visible and is in hazardous proximity. The Court held that the statute imposes a conditional, but not absolute duty to stop, and stated:

" . . . Accordingly, we apply the objective common-law test of the reasonably prudent man and hold that before it can be said in a given case that an approaching train was 'plainly visible' as a matter of law, it must first appear . . that a reasonably prudent [man], situated as was the motorist and exercising ordinary care for his own safety, should have seen it . . . " (291 S.W.2d at 936).

Returning to the case at bar, Section 127 requires only that a driver use a distribution of light to reveal persons at a safe distance. "At a safe distance" is not a mathematical situation, but requires evidence of the existing conditions. In determining whether the circumstances require high beam lights to reveal persons at a safe distance, a driver must consider the many conditions of the road, including darkness, atmospheric conditions, traffic, roadside hazards, etc. Because different persons might disagree as to what is a "safe distance," the common law test of the reasonably prudent man must apply.

With respect to the second and third questions stated above, appellants rely on Art. 6701d, § 166(a), which provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing . . . " Appellants complain that there was insufficient or no evidence to support the trial court's finding that appellee was driving at a reasonable and prudent speed.

The question of no evidence is one of law, and our review requires us to consider only the evidence and the inferences favorable to the questioned finding and to disregard all evidence and inferences to the contrary. *Walker v. Bounds*, 510 S.W.2d 392 (Tex.Civ.App.1974, no writ). The "against the great weight and preponderance of the evidence" point presents a factual question, and requires us to consider and weigh all of the evidence in the record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The trial court found that appellee was driving less than the legal speed limit and at a rate which was not excessive or unreasonable under the circumstances. Appellee's own testimony, under questioning by appellants' counsel, established that the accident occurred after midnight in dry weather on a straight road when visibility was good. Appellee was driving less than the legal speed, and was scanning the roadway and the sides of the road. The conditions of the road were favorable. We see no basis to hold that appellee's speed on the freeway frontage road was unreasonable. The evidence indicates that the deceased was wearing dark clothes, and was in appellee's path. Certainly, appellee's speed was not unreasonable merely because he could not avoid striking the deceased who instantly appeared in his path. Viewing the evidence and the inferences reasonably drawn therefrom in the light most favorable to the trial court's finding, we hold that there was ample evidence from which the court could conclude that appellee's rate of speed was not excessive or unreasonable. Appellants' "no evidence" point is overruled.

In weighing all of the evidence in the record, we further find for the reasons previously stated that the trial court's finding was not "against the great weight and preponderance of the evidence."

The judgment is affirmed.