Jonathan Lee NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00329–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 5, 1992.

S.C. Childress, Houston, for appellant.

Jim Mapel, Crim. Dist. Atty., Kelly McClendon, Asst. Dist. Atty., Angleton, for appellee.

Before TREVATHAN, C.J., and PRICE and MIRABAL, JJ.

## OPINION

PRICE,[1] Justice.

This is an appeal to review the trial court's denial of appellant's motion to suppress evidence. After the denial, Jonathan Lee Nelson pled guilty to the misdemeanor offense of driving while intoxicated. Pursuant to a plea agreement, he was sentenced to 90 days confinement, probated, and assessed a fine of $400.

John Leake, a Department of Public Safety Officer, testified that he arrested appellant on October 30, 1990. He further stated, on that night he was driving eastbound on "518" traveling about 45 to 50 miles per hour. Appellant, riding a motorcycle with its bright lights on, approached from the rear. Appellant followed Leake, at a distance of one car length, for three-quarters of a mile without dimming his bright lights. Further, appellant failed to dim his bright lights to oncoming traffic approaching from the opposite direction. Leake testified that he stopped appellant for following too closely and failing to dim

his high beams. When Leake approached appellant, he noticed appellant's slurred speech, his lack of balance, and a strong alcoholic odor on his breath. Leake then administered to appellant field sobriety tests, which also indicated intoxication. Based on these observations, Leake arrested appellant for driving while intoxicated.

In his first point of error, appellant asserts that the trial court erred in overruling his motion to suppress evidence, claiming that Leake's initial detention of appellant was without probable cause.

■ The trial court, and not the appellate court, is the trier of fact in a suppression hearing. *Clark v. State*, 548 S.W.2d 888, 889 (Tex.Crim.App.1977). Thus, the appellate court views the evidence in a light most favorable to the trial court's ruling. *Id.* Moreover, the trial court is free to believe or disbelieve any or all testimony adduced. *Carrasco v. State*, 712 S.W.2d 120, 123 (Tex.Crim.App.1986). The findings will not be disturbed unless the record demonstrates a clear abuse of discretion by the trial court. *State v. Lopez*, 763 S.W.2d 939, 944 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

■ Here, appellant concedes that Tex.Rev.Civ.Stat.Ann. art. 6701d, § 127(b), (c) (Vernon Supp.1992), requires the operator of a motor vehicle to use the lowermost distribution of their multiple-beamed lights when approaching a vehicle within 300 feet of the rear, or within 500 feet of an oncoming vehicle. However, he argues that because article 6701d, Section 126 specifically excludes motorcycles from being required to maintain multiple-beamed lights, section 127 is also not applicable to motorcycles. He further asserts the State did not establish that appellant was following Leake at an unsafe distance.

Appellant's argument is incorrect. The purpose for the requirements of section 127 is to ensure that motor vehicles are operated safely. *See Delao v. Carlson*, 589 S.W.2d 525, 527 (Tex.Civ.App.—Austin

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1979, no writ). Therefore, it is obvious that the law does not require motorcycles to be equipped with multiple-beamed lights, but when they are, the law does require motorcycle operators to use their multiple-beam lights in accordance thereto.

The officer also had probable cause to stop appellant for following too closely. When following another vehicle, a driver shall maintain an assured clear distance between the two vehicles, exercising due regard for speed, the amount of traffic and the conditions of the street or highway. TEX.REV.CIV.STAT.ANN. art. 6701d, § 61(a) (Vernon Supp.1992). At the suppression hearing, Leake testified that, in his opinion, appellant was following at an unsafe distance. Appellant put on no evidence challenging this assertion. Based on this record, we find that the trial court properly held that both the stop, and the subsequent arrest for driving while intoxicated were lawful.

Appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred in proceeding to trial without a jury because appellant did not waive, in writing, his right to a jury. In a cross-point of error, the State asserts that we are without jurisdiction to review this point of error, because it was not designated as a point raised by a pretrial motion or one to be asserted by permission of the trial court.

The record in this case reflects that appellant pled guilty pursuant to a plea agreement with the State and the punishment assessed followed that agreement. Upon examining appellant's notice of appeal, we find neither an assertion that the trial court granted permission to appeal, nor that the matter raised under point of error two was previously raised by written motion to the trial court. The notice of appeal expressly states that appellant seeks to appeal the trial court's ruling on the suppression hearing.

 There is no requirement in the prosecution of a misdemeanor that a waiver of a right to trial by jury be in writing. *Sheffield v. State*, 647 S.W.2d 413, 416

(Tex.App.—Austin 1983, pet. ref'd). However, any effort to have this matter reviewed in the present case has not been properly preserved. A notice of appeal after a plea of guilty, to be sufficient, must show a desire to appeal from a judgment or other appealable order, TEX.R.APP.P. 40(b)(1); *Lemmons v. State*, 818 S.W.2d 58 (Tex.Crim.App.1991), otherwise, a plea of guilty waives all nonjurisdictional defects. *Fierro v. State*, 437 S.W.2d 833 (Tex.Crim. App.1969). Because the notice of appeal expressly stated a desire to appeal only the adverse ruling from the suppression hearing, appellant's second point of error presents nothing for review.

The judgment of the trial court is affirmed.