

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00075-CR

---------

ROY ANTHONY FRANCIS                                                   APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

----------

## OPINION

----------

## I. Introduction

Around 2:30 a.m. on June 23, 2012, Grapevine Police Officer David Dickinson observed a pickup truck with its fog lights on and its headlights off. He stopped the driver, Appellant Roy Anthony Francis, for driving at night without his headlights on and then arrested him for DWI. Francis filed a motion to suppress and argued at the motion hearing that his failure to use his headlights in addition

to his fog lights was not a traffic violation. After the trial court denied his motion, Francis pleaded guilty and received 100 days' confinement (suspended), eighteen months' community supervision, and a $750 fine. He now appeals the denial of his motion to suppress. We affirm.

## II. Traffic Violation

In four issues, Francis argues that Officer Dickinson conducted the traffic stop "solely based on his misunderstanding of vehicle lighting requirements under the Transportation Code," that driving at night using only fog lights is not a traffic violation, that there is no statutory prohibition against it and no statutory specification that headlights at a minimum are to be used at night, and that, therefore, the trial court erred by denying his motion to suppress.

### A. Motion Hearing

At the hearing on Francis's motion to suppress, Officer Dickinson explained the difference between fog lights and headlights, stating,

> Fog lights, by their nature, their construction and their purpose, the beam is pointed down for low-light conditions when you're wanting to look directly in front of the car, but when you're driving on a clear day, a headlight casts a much farther beam, approximately, I think it's a thousand feet. It is a thousand feet that has to be clearly discernable and so they're considerably different in their function.

He testified that driving at night required headlights, warranting the traffic stop, as follows:

> Q. Is there a danger to driving without headlights?
>
> A. Absolutely. The intent of fog lights is that, you know, that you see immediately in front of you in low-light conditions, so if you

don't have any traffic lights and you're traveling on a highway or, for example, on East and West Northwest there, the speed limit varies between 45 and 50 miles an hour so, at those speeds, you would definitely want to have your headlamps activated.

. . . .

Q. Okay. Was it clearly nighttime that you initiated the stop?

A. Yes, ma'am.

Q. And was the light insufficient or unfavorable so that a person or a vehicle on the highway is not clearly discernable at a distance of a thousand feet?

A. Yes. His headlamps were not visible at a distance of a thousand feet.

. . . .

Q. And is failure to operate this vehicle without headlights a traffic violation?

A. Yes. Failure to display headlights when required is a traffic violation.

. . . .

Q. Headlights—is it your understanding that headlights are the only thing that are permissible to be used at night?

A. No. You can—you can have other lights displayed, but the headlamps are required.

At the conclusion of Officer Dickinson's testimony, Francis argued that neither transportation code section 547.302(c) nor (d) specifically requires headlights and that displaying only fog lights at night is not a traffic violation. The State replied that reading sections 547.302, 547.321, and 547.328 together supports finding that driving without headlights was a traffic violation.

3

In ruling on the motion to suppress, the trial judge stated,

> I would also refer Counsel to Transportation Code, Section 547.326, Minimum Lighting Equipment Required, Sub (a): A vehicle that is not specifically required to be equipped with lamps or other lighting devices shall be equipped at the times specified in Section 547.302 (a) with at least one lamp that emits a white light visible at a distance of at least a thousand feet from the front and: Then it refers to some rear-end lights and red lights which I think is also relevant in this calculation.
>
> In addition to all of the other code sections that Counsel has referred to, and as a result, I am going to deny the Defense Motion to Suppress.

## B. Analysis

An officer has probable cause to stop and arrest a driver if he observes the driver commit a traffic offense. *State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005); *see State v. Ballman*, 157 S.W.3d 65, 70 (Tex. App.—Fort Worth 2004, pet. ref'd). Driving without headlights at night is a traffic offense. *Anderson v. State*, 701 S.W.2d 868, 869–70, 873 (Tex. Crim. App. 1985), *cert. denied*, 479 U.S. 870 (1986); *Baldez v. State*, 386 S.W.3d 324, 327 (Tex. App.— San Antonio 2012, no pet.); *Throneberry v. State*, 109 S.W.3d 52, 58 (Tex. App.—Fort Worth 2003, no pet.); *see also Pulley v. State*, No. 07-06-00140-CR, 2006 WL 2860979, at *1 (Tex. App.—Amarillo Oct. 9, 2006, no pet.) (mem. op., not designated for publication) (citing section 547.302(a)(1) for the proposition that "[s]tatute requires one to engage a vehicle's headlights while driving after dark"); *Manyou v. State*, No. 05-05-00161-CR, 2006 WL 2664281, at *1, *4–5 (Tex. App.—Dallas Sept. 18, 2006, pet. ref'd) (not designated for publication) (holding that officer had reasonable suspicion to stop driver for traffic offense

when he noticed, at 1:12 a.m., that one of driver's lighted headlights pointed straight down and did not cast forth its beam forward 1,000 feet); *Coggin v. State*, No. 03-04-00585-CR, 2006 WL 1292581, at *1–2 (Tex. App.—Austin May 12, 2006, no pet.) (mem. op., not designated for publication) (stating that there was sufficient basis to lawfully detain appellant when officer observed him driving at around 2:00 a.m. without his headlights on, a violation of transportation code section 547.302); *Williams v. State*, No. 04-02-00747-CR, 2003 WL 21658529, at *1 (Tex. App.—San Antonio July 16, 2003, pet. ref'd) (mem. op., not designated for publication) (holding that initial stop was reasonable when officers stopped appellant for driving with only one headlight after dark); *Herrera v. State*, No. 08-00-00482-CR, 2002 WL 187065, at *1, *3 (Tex. App.—El Paso Feb. 6, 2002, no pet.) (not designated for publication) (stating that appellant's driving without headlights at 3 a.m. was a valid traffic offense).

It is undisputed that Francis drove at night using only his vehicle's fog lights and not his vehicle's headlights. Francis nonetheless argues that "[n]either the plain language of the statute [section 547.302] nor the reading of the statute under the rules of construction require headlamps specifically at night."

We disagree. When reviewed in its totality, chapter 547 of the transportation code makes clear that headlights are required at night[1] and

---

[1]Chapter 547 addresses vehicle equipment; subchapter D contains general provisions regarding vehicle lighting requirements while subchapter E contains general lighting requirements for vehicles. *See* Tex. Transp. Code Ann. §§ 547.301–.303, .321–.335 (West 2011), §§ 547.304–.05 (West 2011 & Supp.

distinguishes between the roles of headlights and fog lights[2] in vehicle lighting.[3]

*See* Tex. Transp. Code Ann. §§ 547.321(a), (c), 547.328(a), (b); *see also Druery v. State*, 412 S.W.3d 523, 533 (Tex. Crim. App. 2013) ("Statutory construction is a question of law subject to de novo review.").

Transportation code section 547.302, "Duty to Display Lights," provides:

(a) *A vehicle shall display each lighted lamp and illuminating device required by this chapter to be on the vehicle*:

(1) *at nighttime*; and

(2) *when light is insufficient* or atmospheric conditions are unfavorable *so that a person or vehicle on the highway is not clearly discernible at a distance of 1,000 feet ahead*.

---

2013); *see also* Tex. Gov't Code Ann. § 311.016(1), (2) (West 2013) (stating that "may" creates discretionary authority or grants permission while "shall" imposes a duty).

[2]The code refers to headlights as "head lamps" and fog lights as "fog lamps."

[3]As noted by Francis, transportation code section 547.3215 requires lighting, reflective devices, and associated equipment to comply with current federal standards under 49 C.F.R. § 571.108 or the federal standards that were in effect at the time the vehicle was manufactured. Tex. Transp. Code Ann. § 547.3215. 49 C.F.R. § 571.108 states that the standard's purpose is

to reduce traffic accidents and deaths and injuries resulting from traffic accidents, by providing adequate illumination of the roadway, and by enhancing the conspicuity of motor vehicles on the public roads so that their presence is perceived and their signals understood, both in daylight and in darkness or other conditions of reduced visibility.

49 C.F.R. § 571.108 S2. Francis argues that he was conspicuous enough with his fog lights because Officer Dickinson noticed him.

. . . .

(c) *At least one lighted lamp shall* be displayed *on each side of the front* of a motor vehicle.

(d) Not more than four of the following may be lighted at one time on the front of a motor vehicle:

(1) *a headlamp required by this chapter*; or

(2) a lamp, including an auxiliary lamp or spotlamp, that projects a beam with an intensity brighter than 300 candlepower.

*Id.* § 547.302 (emphasis added). Section 547.305, "Restrictions on Use of Lights," elaborates that a light "other than a headlamp, spotlamp, auxiliary lamp, turn signal lamp, or emergency vehicle or school bus warning lamp" that projects a beam with an intensity brighter than 300 candlepower "shall be directed so that no part of the high-intensity portion of the beam strikes the roadway at a distance of more than 75 feet from the vehicle." *Id.* § 347.305(a).

Section 547.321, "Headlamps *Required*,"[4] provides that a motor vehicle "shall be equipped with at least two headlamps," and that "[a]t least one headlamp shall be mounted on each side of the front of the vehicle" at a height from twenty-four to fifty-four inches. *Id.* § 547.321 (emphasis added). Sections 547.322 ("Taillamps *Required*"), 547.323 ("Stoplamps *Required*"), 547.324 ("Turn

---

[4]While headings do not limit or expand a statute's meaning, *see* Tex. Gov't Code Ann. § 311.024 (West 2013), they may be considered as a guide to showing legislative intent. *See Townsley v. State*, 538 S.W.2d 411, 414 (Tex. Crim. App. 1976); *Marroquin v. State*, 112 S.W.3d 295, 300 (Tex. App.—El Paso 2003, no pet.).

7

Signal Lamps *Required*"), and 547.325 ("Reflectors *Required*") set forth the other illumination standards required for vehicle safety within the statutory scheme. *See id.* §§ 547.322–.325 (emphasis added).[5]   Section 547.326, "Minimum Lighting Equipment *Required*," specifies that even vehicles that are not required to be equipped "with lamps or other lighting devices" shall be equipped "at the times specified in Section 547.302(a) with at least one lamp that emits a white light visible at a distance of at least 1,000 feet from the front," in addition to lights that emit red light from the rear "visible at a distance of at least 1,000 feet." *Id.* § 547.326.

In contrast to these *required* lights, section 547.327, "Spotlamps *Permitted*," limits a motor vehicle to "not more than two spotlamps," *id.* § 547.327, and section 547.328, "Fog Lamps *Permitted*," limits a motor vehicle to

---

[5]Francis argues that if "each" of these lamps is "required" under section 547.302(a), it would be a traffic violation to drive at night without illuminating all of these at once and calls this an absurd result.  We do not read the statutes in this way:  It would instead be an absurd result if a driver were *not* required to turn on his or her headlights, taillights, stop lights, and turn signal lights in the dark or for a vehicle, particularly one driven at night, to lack reflectors on the rear of the vehicle.  *See* Tex. Transp. Code Ann. §§ 547.321–.325; *see also Palacios v. State*, 319 S.W.3d 68, 70, 72–73 (Tex. App.—San Antonio 2010, pet. ref'd) (holding stop reasonable when officer pulled over vehicle at 7:30 p.m. in rainy conditions for lack of rear license plate illumination under section 547.322(f)–(g)); *Smith v. State*, No. 02-07-00321-CR, 2008 WL 3540209, at *4 (Tex. App.—Fort Worth Aug. 14, 2008, no pet.) (mem. op., not designated for publication) ("A brake light that is constantly on and that cannot signal when the vehicle is braking does not comply with transportation code section 547.323."); *Jiminez v. State*, No. 04-05-00810-CR, 2006 WL 2737707, at *1 & n.1 (Tex. App.—San Antonio Sept. 27, 2006, no pet.) (mem. op., not designated for publication) (stating that after-market white rear blinker light is a violation of transportation code sections 547.303, 547.324(d)(2)).

"not more than two fog lamps."[6]  *Id.* § 547.328.  Section 547.328 also provides that lighted fog lamps "*may* be used with lower headlamp beams as specified by Section 547.333."  *Id.* § 547.328(c) (emphasis added).  Section 547.329, "Auxiliary Passing Lamps *Permitted*," and section 547.330, "Auxiliary Driving Lamps *Permitted*," limit a vehicle to "no more than two" auxiliary passing lamps or auxiliary driving lamps and provide that they "*may* be used with headlamps as specified by Section 547.333."  *Id.* §§ 547.329–.330 (emphasis added).  Section 547.331, "Hazard Lamps *Permitted*," provides that a vehicle may be equipped with lamps to warn other drivers of a vehicular traffic hazard that requires unusual care in approaching, overtaking, and passing, and section 547.332, "Other Lamps *Permitted*," provides that a vehicle may be equipped with "not more than two side cowl or fender lamps," "not more than two running board courtesy lamps," and "one or more backup lamps."  *Id.* §§ 547.331–.332 (emphasis added).

Section 547.333, "Multiple-Beam Lighting Equipment *Required*," identifies headlamps, auxiliary driving lamps, and auxiliary passing lamps and states that "[a] person who operates a vehicle on a roadway or shoulder shall select a distribution of light or composite beam that is aimed and emits light sufficient to

---

[6]Section 547.328 also sets out that a fog lamp shall be mounted on the front of the vehicle at a height from 12 to 30 inches and aimed "so that no part of the high-intensity portion of the beam from a lamp mounted to the left of center on a vehicle projects a beam of light at a distance of 25 feet that is higher than four inches below the level of the center of the lamp."  *Id.* § 547.328(b)(1)–(2).

9

reveal a person or vehicle at a safe distance ahead of the vehicle." *Id.* § 547.333(a), (c) (emphasis added); *see Delao v. Carlson*, 589 S.W.2d 525, 527 (Tex. Civ. App.—Austin 1979, no writ) (stating that under section 547.333's predecessor, which also required distribution of light to reveal persons at a "safe distance," there is not an absolute standard for "safe distance" but rather one that must be determined from the evidence of the facts and circumstances existing at the time the motorist was operating the vehicle); *see also Nelson v. State*, 827 S.W.2d 52, 53–54 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (noting that the purpose for transportation code vehicle lighting requirements "is to ensure that motor vehicles are operated safely"). "At a safe distance" requires evidence of the existing conditions, including darkness, atmospheric conditions, traffic, and roadside hazards. *Delao*, 589 S.W.2d at 528.

If a general provision conflicts with a specific provision, the provisions shall be construed, if possible, so that effect is given to both, but if the conflict is irreconcilable, then the specific usually prevails over the general. *See Strickland v. State*, 193 S.W.3d 662, 665–66 (Tex. App.—Fort Worth 2006, pet. ref'd) (discussing doctrine of in pari materia codified in government code section 311.026); *see also* Tex. Gov't Code Ann. § 311.026 (West 2013). However, we find no statutory conflict here between what lights are required at night— headlights—and what lights are permitted at night in addition to headlights. *See* Tex. Transp. Code Ann. § 547.328(c) ("Lighted fog lamps *may* be used with lower headlamp beams as specified by Section 547.333.") (emphasis added);

10

Tex. Gov't Code Ann. § 311.016(1)–(2) (clarifying difference between "may" and "shall").

Further, while Justice may be blind, she is not naïve, and absurd results are a definite consideration in construing statutes. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *see also* Tex. Gov't Code Ann. § 311.021(3) (West 2013) (stating that in enacting a statute, it is presumed that a just and reasonable result is intended), § 311.023 (1), (5) (West 2013) (stating that in construing a statute, a court may consider the consequences of a particular construction and the object sought to be obtained). The statutes refer to "fog lamps," which implicate their use in fog—a weather condition commonly known to adversely affect visibility—*in addition to* headlights. *See* Tex. Transp. Code Ann. § 547.328; *see also* 19 Tex. Admin. Code § 176.1108(a)(1)(D)(v)(IV) (2013) (Tex. Educ. Agency Driving Safety Courses of Instruction) (listing fog as a reduced visibility condition creating a difficult driving environment); 8A Tex. Jur. 3d *Automobiles* § 627 (2007) (noting that a question as to excessiveness of vehicle speed may be presented when the evidence shows that highway visibility is obscured by darkness or other atmospheric conditions, such as fog, rain, or smoke).

Officer Dickenson's explanation for stopping Francis fits not only within the transportation code sections and case law requiring headlights at night but also within section 547.333 regarding operating a vehicle with sufficient lighting to

11

illuminate a person or car a safe distance ahead.[7]  Therefore, Francis committed a traffic violation when he drove at 2:30 a.m. with only his fog lights illuminated and without headlights.  The trial court properly denied Francis's motion to suppress, and we overrule his four issues.

### III.  Conclusion

Having overruled Francis's four issues, we affirm the trial court's judgment.


/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

PUBLISH

DELIVERED:  February 27, 2014

---

[7]We note that following the fog light specifications under section 574.328(b), a fog lamp could not meet the 1000-foot lighting requirement set out in section 547.302(a)(2).  *See* Tex. Transp. Code Ann. §§ 547.302(a)(2), 547.328(b)(1)–(2).