

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00027-CR
_____

MARCUS ALLEN DELANEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 57,181-C; Honorable Charles Barnard, Presiding

August 20, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Marcus Allen Delaney, was convicted following a jury trial of evading arrest or detention with a previous evading conviction.[1] He was sentenced to confinement for two years and assessed a $500 fine. On appeal, he asserts (1) the trial court abused

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(A) (West 2016). The offense is a state jail felony if the person has previously been convicted under section 38.04. Appellant does not contest the jury's finding that he was previously convicted under this section.

its discretion by sustaining an objection under Rule 602 of the Texas Rules of Evidence to Appellant's testimony at trial and (2) the State's evidence at trial was insufficient to convict.[2]  We affirm the trial court's judgment.

BACKGROUND

In April 2016, an indictment issued alleging that on or about February 4, 2016, Appellant intentionally fled from Joshua McGuinn, a person Appellant knew was a peace officer who was attempting to lawfully arrest or detain him.  The indictment also alleged that on or about August 11, 2008, Appellant was convicted of the same offense, i.e., evading arrest or detention.  In November 2016, a jury trial was held and Appellant was found guilty as charged.

At trial, the State's evidence established that on the night of February 4, 2016, Officer Joshua McGuinn was on patrol in his police cruiser when he observed Appellant driving without one illuminated headlight.  Officer McGuinn was driving a marked patrol car and wearing his uniform with a fully-equipped holster.  He pulled behind Appellant and activated his overhead lights.  Appellant then activated his hazard lights and continued driving.  Although Officer McGuinn activated his siren several times, Appellant continued driving for more than four blocks.  Approximately a minute later, Appellant pulled into a driveway at his father's house.

---

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between the precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

Appellant immediately exited his car, took off his jacket, and laid it on the ground. He then began emptying his pockets on the car. Officer McGuinn felt threatened and ordered Appellant to re-enter his car. Appellant approached the residence and began knocking on a window to alert his father. Officer McGuinn asked him a second time to re-enter his car and Appellant continued walking back and forth knocking on the windows. Officer McGuinn asked him for his driver's license and Appellant continued to ignore him. Appellant then began walking toward the front porch and Officer McGuinn called for officer assistance. He approached the porch and reached out to assist Appellant off the porch. At that moment, Appellant bolted and Officer McGuinn gave pursuit.

When Deputy Cole McGarry arrived, he observed Appellant running from Officer McGuinn and gave chase. As Deputy McGarry approached a house approximately a block from the house belonging to Appellant's father, he saw Appellant lying face down on the ground. He handcuffed Appellant and secured him in the backseat of his patrol car. Although Officer McGuinn originally intended to issue Appellant a ticket or warning for the unilluminated headlight, he arrested Appellant for evading arrest or detention.[3]

At trial, after the State rested and prior to Appellant's testifying, his attorney made an opening statement indicating that much of Appellant's defense relied on what he was thinking before he ran from Officer McGuinn. Appellant's attorney asserted that he ran because he thought he was going to be harmed by the police.

---

[3] At trial, the videotape of the traffic stop was played for the jury. In the video, Appellant indicates at the residence that he did not stop immediately because he wanted to take the car to his father's house. He also purported that he was attempting to obtain a witness because he had heard people were being shot by the police. In all respects, the videotape corroborated Officer McGuinn's testimony.

Appellant then testified that when he saw Officer McGuinn's overhead lights come on, he immediately hit his hazard lights and continued driving. When he arrived at his father's house, he exited the car and took his jacket off to show the officer that he was not armed. He testified he was concerned because he did not want to get shot. He also emptied his pockets and placed the contents on the car. When the officer told him to re-enter the car, he was concerned that if he entered the car, the officer might mistake his cellphone for a gun and shoot him. He was knocking on the windows because he wanted a witness to the encounter. He further testified that he ultimately lay down on the ground because he did not want to be shot. He agreed with his counsel that his fear was based on television-news accounts of black men being stopped by white officers for traffic violations and then shot. He further testified that he had heard reports of someone being shot in his neighborhood eight months prior to his being stopped.

On cross-examination, he acknowledged that in 2008, he had been convicted of failure to identify to a police officer and evading arrest or detention. In 2008, he also was convicted for aggravated assault, received probation, and subsequently had his probation revoked and went to prison. In 2013, he was convicted of theft of property worth more than $50 but less than $500. He testified that he saw Officer McGuinn's marked patrol car when he activated his overhead lights but intentionally kept driving. He also observed Officer McGuinn in his uniform but ignored his orders to re-enter his car and stop walking away. When he ran from Officer McGuinn, he testified that he knew the officer was a licensed police officer.

During closing arguments, Appellant's counsel asserted he was suspicious of police officers because of his race and events he had seen on television. He sought out

4

his father as a witness to the traffic stop because he was afraid of being shot. When Officer McGuinn reached for him on the porch, his counsel asserted that Appellant interpreted the gesture as an act of aggression and ran until he was a block away. He then lay down in a yard and waited until he was discovered by Officer McGarry.

ISSUE ONE

Appellant asserts the trial court abused its discretion when it sustained the State's objection to Appellant's testimony under Rule 602 of the Texas Rules of Evidence.[4] In support, Appellant asserts the trial court violated his federal and state constitutional rights to fundamental fairness and due process by denying him the ability to present a complete defense. He also asserts Rule 602 was not a bar to testimony regarding his intent and the trial judge's ruling was an improper comment on the evidence. We disagree.

During trial, the following exchange took place, in pertinent part:

[Defense Attorney]: [A]re those news accounts involving black men and white police officers?
[Appellant]: Yes.
[Defense Attorney]: And who were stopped for a traffic violation and then shot?
[Appellant]: Yes.

*              *             *

[Defense Attorney]: Okay. Had – had you heard of any reports about someone getting shot on Rosewood [Street]?
[Appellant]: Yes. Well, matter of fact, it was Harding Street.

---

[4] Rule 602 of the Texas Rules of Evidence states as follows:

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the subject matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

TEX. R. EVID. 602. Hereinafter, this rule will be cited simply as "Rule 602."

| | |
|---|---|
| [Defense attorney]: | On Harding Street? |
| [Appellant]: | Yes. |
| [Defense Attorney]: | Okay. Had that been recent? I mean, recent to this February date? |
| [Appellant]: | About eight months prior. |
| [Defense Attorney]: | Okay. And what did—you do you know what had happened. |
| [Appellant]: | Yes. |
| [Defense Attorney]: | What? |
| [Appellant]: | A guy got pulled over and they killed him. |
| [State's Attorney]: | Objection. Your Honor, lack of personal knowledge. |
| [Defense Attorney]: | Okay. |
| The Court: | Sustained. |
| [Defense Attorney]: | That's fine. I'm just trying to explore his state of mind. |
| [State's Attorney]: | Same objection. |
| [Defense Attorney]: | That's okay. |
| [State's Attorney]: | Same objection, your honor. |
| The Court: | Both sustained. The jury's not to consider. |
| [Defense Attorney]: | That's fine. I pass the witness. |

STANDARD OF REVIEW

An appellate court reviewing a trial court's ruling on the admissibility of evidence must utilize an abuse of discretion standard of review. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). In other words, the appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Weatherred*, 15 S.W.3d at 542; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In addition, the appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998).

ANALYSIS

Here, it is apparent from the record that Appellant did not make an objection or complain in the trial court that the exclusion of the evidence violated his right to present a complete defense. As such, Appellant waived the argument on appeal. *See Mason v.*

*State*, 416 S.W.3d 720, 735 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd), *cert. denied*, ___ U.S. ___, 135 S. Ct. 1181, 191 L. Ed. 2d 139 (2015). *See also Anderson v. State,* 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (noting that defendant forfeits a claim that he was denied the right to present a complete defense under the United States and Texas Constitutions by failing to lodge a proper objection at trial).

Moreover, the trial court did not abuse its discretion by sustaining the State's objection because the witness testified his knowledge of the event came from news accounts. It was never established through his examination that he had personal knowledge of the events he sought to testify about. *See* TEX. R. EVID. 602; *Amberson v. State*, No. 13-16-00306-CR, 2018 Tex. App. LEXIS 3123, at *17 (Tex. App.—Corpus Christi May 3, 2018, no pet.) (mem. op., not designated for publication) (witness may testify to a matter only if evidence is introduced sufficient to support a finding that witness has personal knowledge of the matter).

Furthermore, the fact that Appellant may have had a subjective reason to be apprehensive of the police and fear that he was going to be harmed in this particular encounter, whether reasonable or not, was a defensive theory he was able to present to the jury based on the testimony that was given. The trial court's ruling in this instance did not prevent him from presenting that defense.

Additionally, Appellant asserts the trial court erred because Rule 602 was not a bar to testimony regarding his intent and the trial judge's ruling was an improper comment on the evidence. Because these objections were not presented to the trial court for a ruling, they were similarly waived. *See Reyes v. State*, 361 S.W.3d 222, 228-29 (Tex.

App.—Fort Worth 2012, pet. ref'd). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Id.* (citing *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)). Accordingly, issue one is overruled.

ISSUE TWO

Appellant next contends that the evidence was insufficient to convict because the record does not support a rational inference that he was detained or that he intended to evade any detention. We disagree.

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. *See Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

8

Further, the trier of fact is the sole judge of the weight of the evidence and credibility of the witnesses; TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), and we may not re-evaluate the weight and credibility determinations made by the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Thus, we resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

APPLICABLE LAW—EVADING ARREST

Generally, a person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West 2016). The intent of this statute is to deter flight from arrest or detention by the threat of an additional penalty, thus discouraging forceful conflicts between the police and suspects. *Duvall v. State*, 367 S.W.3d 509, 513 (Tex. App.—Texarkana 2012, pet. ref'd) (citing *Alejos v. State*, 555 S.W.2d 444, 449 (Tex. Crim. App. 1977)). It supports an important public policy—encouraging suspects to yield to a show of authority by law enforcement. *Duvall*, 367 S.W.3d at 513. "Proof that an officer in a vehicle is attempting to arrest or detain a person generally consists of the officer displaying authority by the use of overhead/emergency lights and siren." *Id.*

"'[F]leeing' is anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.). *See Rush v. State*, No. 10-16-00353-CR, 2017 Tex. App. LEXIS 11586, at *6-7 (Tex. App.—Waco Dec. 13, 2017, no pet.) (mem. op., not designated for publication) (this standard applies whether the defendant is driving or walking). "The statute does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt to get away from a

9

known officer of the law. Thus, under the law, fleeing slowly is still fleeing." *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.). *See Griego v. State*, 345 S.W.3d 742, 754-55 (Tex. App.—Amarillo 2011, no pet.) (when a person walks toward his residence and fails to comply with an officer's order to stop, he is still fleeing).

A defendant's knowledge that a police officer is trying to arrest or detain him is an essential element of the offense of evading arrest or detention. *Duvall*, 367 S.W.3d at 511. We may infer an actor's mental state from his actions and statements during and after the incident. *Griego*, 345 S.W.3d at 753. *See Muhammed v. State*, 331 S.W.3d 187, 193 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (intent may be inferred from conduct). Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Id.* (citing *Hooper*, 214 S.W.3d at 14-16).

ANALYSIS

When Officer McGuinn observed Appellant's car with one illuminated headlight at night, he had a reasonable suspicion Appellant was in violation of the law and was justified in initiating a traffic stop or detention.[5] After the officer activated his overhead lights and siren, Appellant acknowledged his presence by activating his hazard lights; however, he continued to drive for more than four blocks. When he finally stopped in his father's driveway, Appellant engaged in behavior indicating that he knew he was subject to

---

[5] *See* TEX. TRANSP. CODE ANN. § 547.302(a)(1), (c) (West 2011); *State v. Torrez*, 490 S.W.3d 279, 280-81, 281 n.1 (Tex. App.—Fort Worth 2016, pet. ref'd). *See Francis v. State*, 425 S.W.3d 554, 556-60 (Tex. App.—Fort Worth 2014, no pet.) (explaining that driving at night without headlights illuminated is an offense that may support a traffic stop); *Williams v. State*, No. 04-02-00747-CR, 2003 Tex. App. LEXIS 5999, at *2 (Tex. App.—San Antonio July 16, 2003, pet. ref'd) (mem. op., not designated for publication) ("The officers not only had the right to stop and detain Williams for driving with only one headlight, but the officers also could have arrested him for that offense.").

detention when he removed his jacket, placed it on the ground, and placed the contents of his pockets on the car. He observed Officer McGuinn in uniform with a fully-equipped holster. Nevertheless, Appellant still ignored Officer McGuinn's commands to stop, re-enter his car, produce his driver's license, and remain there rather than walking onto the front porch. When Officer McGuinn reached for Appellant, a further indication he wished to detain Appellant, he ran for more than a block from the residence.

Having considered the entire record, we find there is sufficient evidence that Appellant intentionally fled from Officer McGuinn knowing he was a peace officer lawfully attempting to detain or arrest him. *See Reyes v. State*, 465 S.W.3d 801, 806 (Tex. App.—Eastland 2015, pet. ref'd) (jury could reasonably infer that defendant was aware officers were attempting to detain him but intended to flee where officer followed defendant almost five blocks with flashing lights and siren activated and, upon exiting his car, defendant put his hands up and turned around to be handcuffed); *Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.) (jury could reasonably infer that defendant was aware officers were attempting to detain him but intended to flee to his driveway where officer's lights and sirens were activated for 0.6 miles or approximately one-and-one-half minutes and defendant continued driving); *Griego*, 345 S.W.3d at 754-55 (jury could reasonably infer that defendant was aware officers were attempting to detain him but intended to flee where officers ordered defendant to stop and he continued walking towards a residence).

That Appellant testified that he was afraid of the officer is of little consequence. *See Robinson v. State*, No. 13-16-00306-CR, 2018 Tex. App. LEXIS 3123, at *14 (Tex. App.—Corpus Christi May 3, 2018, no pet.) (mem. op., not designated for publication)

(jury could reasonably infer that defendant was aware officers were attempting to detain him but intended to flee where driver was aware officer's overhead lights were activated and continued to drive three-and-a-half blocks to her house because she was "afraid"). *See also Jackson*, 443 U.S. at 319.  Accordingly, Appellant's second issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.