

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00062-CR

Ricardo **ARREOLA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 20-05-0097-CRA
Honorable Russell Wilson, Judge Presiding[1]

Opinion by:    Beth Watkins, Justice

Sitting:         Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[2]

Delivered and Filed: August 9, 2023

AFFIRMED

Ricardo Arreola appeals the trial court's denial of his motion to suppress evidence obtained

during law enforcement's search of his vehicle. We affirm.

---

[1] The Honorable Walden Shelton signed the judgment of conviction in this case. However, the Honorable Russell Wilson signed the Order Denying Motion to Suppress at issue in this appeal.

[2] The Honorable Sandee Bryan Marion, Chief Justice (Ret.) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

## BACKGROUND

In January of 2020, Texas State Trooper Luis Gonzalez conducted a traffic stop of Arreola for following the vehicle ahead of him too closely. After receiving consent from Arreola, Trooper Gonzalez searched his vehicle and discovered what he suspected to be two kilograms of cocaine inside. Arreola was arrested and indicted for knowingly possessing more than 400 grams of cocaine with the intent to deliver.

Arreola filed a motion to suppress all evidence resulting from the search, arguing the traffic stop was illegal because Trooper Gonzalez lacked the reasonable suspicion necessary to pull him over. After hearing testimony from Trooper Gonzalez on the factors he took into consideration to establish a reasonable suspicion that Arreola had committed the traffic violation of following too closely and watching the dash-cam video of the moments before Arreola was pulled over, the trial court denied the motion to suppress. Arreola then pled guilty to the offense and the trial court sentenced him to 15 years in prison. Arreola now appeals the denial of his motion to suppress.

## ANALYSIS

In his sole issue on appeal, Arreola argues the trial court erred in denying his motion because Trooper Gonzalez's discovery of the cocaine was the product of an illegal detention.

### *Standard of Review*

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). We apply an abuse of discretion standard "and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement." *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). Because the trial court is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony at a suppression hearing, we afford almost total deference to its determination of historical facts. *Lerma*, 543 S.W.3d at 190. When the trial court does not enter findings of fact, as

here, we "view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record." *Id*. We review the trial court's application of the law to the facts de novo. *Id*.

*Applicable Law*

The Fourth Amendment protects individuals against unreasonable searches and seizures, and its constitutional protections extend to routine traffic stops, which are "more analogous to a so-called '*Terry* stop' . . . than to a formal arrest." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (citing *Knowles v. Iowa*, 525 U.S. 113, 117 (1998)). In such cases, "the Fourth Amendment is satisfied if the [traffic stop] is supported by reasonable suspicion to believe that criminal activity 'may be afoot.'" *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989), *and Terry v. Ohio*, 392 U.S. 1, 30 (1968)); *see also Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) ("To conduct a traffic stop in compliance with the Fourth Amendment, an officer must have 'reasonable suspicion.'").

A "reasonable suspicion" exists when an officer is aware of "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Brodnex v. State*, 485 S.W.3d 432, 437 (Tex. Crim. App. 2016). This objective standard looks solely at "whether there was an objectively justifiable basis for the [stop]" based on the totality of the circumstances. *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013). In applying this standard, we may consider an officer's ability "to draw on [his] own experience and specialized training to make inferences from and deductions about the cumulative information available to [him]. . . ." *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 36 (Tex. Crim. App. 2017) (internal quotation marks omitted).

A person commits the traffic violation of following another vehicle too closely if he fails to "maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, [he] can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." TEX. TRANSP. CODE. ANN. § 545.062(a).

### *Application*

On appeal, Arreola argues Trooper Gonzalez provided only conclusory testimony that failed to justify the traffic stop. At the suppression hearing, Trooper Gonzalez testified he had more than 6 years of experience as a peace officer at the time of this stop and had received training on how to identify traffic violations like following too closely. As part of his training, he learned a mathematical formula to determine the minimum distance a vehicle needs to maintain from another to ensure there is ample time to begin braking and avoid collision. He testified it takes 0.75 seconds for the average motorist to perceive a potential hazard on the roadway and another 0.75 seconds for the actual reaction time, "[s]o that's 1.5 seconds before the driver even applies his brakes." He further stated that factoring in the speed of Arreola's vehicle, 69–73 miles per hour, it would take roughly 150 feet for him to react and begin braking. While he admitted that he did not actually calculate the formula before stopping Arreola, he knew the minimum distance a driver needs to begin braking while driving at 70 miles per hour, and he visually estimated the minimum 150 foot distance needed. Based on the highway markers—he testified that the center stripes on a highway are 10 feet long, separated by 30 feet—and the speed of a vehicle, he estimated the distance between the two vehicles to be 60 feet. He testified that based on this knowledge, training, and experience, Arreola was violating the Texas Transportation Code by following the vehicle ahead of him too closely.

Arreola is correct in arguing this mathematical formula is not found in the Texas Transportation Code; nevertheless, Trooper Gonzalez provided specific, articulable facts that established an objectively justifiable basis to determine that Arreola failed to maintain a safe distance from the vehicle ahead of him. Despite arguing that he maintained a safe distance, Arreola provided no testimony or evidence to refute Trooper Gonzalez's testimony. The court, as the sole trier of fact, could determine whether Trooper Gonzalez was a credible witness. *See Lerma*, 543 S.W.3d at 190. In addition to Trooper Gonzalez's testimony, the trial court also viewed a dash-cam video showing what Trooper Gonzalez observed in terms of Arreola's driving, and on which he based the decision to stop Arreola.

Viewing the evidence in the light most favorable to the court's ruling, we cannot say that the trial court erred in concluding that Trooper Gonzales had a reasonable suspicion to stop Arreola for the offense of following too closely and in denying the motion to suppress. *See Nelson v. State*, 827 S.W.2d 52, 54 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (holding the trial court did not abuse its discretion in denying a motion to suppress where the appellant provided no evidence challenging the officer's assertion that he was following at an unsafe distance).

## CONCLUSION

We affirm the trial court's order.

Beth Watkins, Justice

DO NOT PUBLISH